Robert D. Conaway Bar No #119657
LAW OFFICE of ROBERT D. CONAWAY
222 East Main Street, Suite 212
Mailing address: PO Box 865
Barstow, CA 92312-0865
Phone: (760) 256-0603
Fax: (760) 256-0660
rdconaway@gmail.com

Attorney for ELISE BROWN, Plaintiff

FILED
2012 JUN 26 AM 10:52
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CV 12 - 05547 PA (SPx)

| | |
|---|---|
| ELISE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>DEBRA BOWEN, California Secretary of State<br><br>Defendant. | CASE No.<br><br>COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF<br><br>[Fourteenth Amendment to United States Constitution; 42 USC 1983; Section 2 of the Voting Rights Act, 42 USC 1973] |

## I. THE NATURE OF THE CASE

1. This is an action for declaratory and injunctive relief to enforce the provisions of the Fourteenth and Fifteenth Amendments of the Constitution of the United States and 2 of the Voting Rights Act of 1965 ("VRA"), as amended in 1982 or more commonly known of as 42 U.S.C. 1973, and to prevent deprivation under color of state law, ordinance, regulation, custom or usage of the rights, privileges and immunities secured by the aforementioned federal constitutional provisions and statute, and more specifically under the VRA's 1982 reauthorization held that "minorities had a right [to not just vote] but to elect representatives of their choice", a right, that is now factually impossible in the

upcoming November 2012 election for the vast majority of African Americans in the 8th Congressional District because the Top 2 Primary law has left the field with two candidates for the November election that are openly hostile to the rights and interests of African American voters in the 8th Congressional District even were it not for the significant traditional pro-Democrat voting history of African Americans.

2. This action would have not been ripe for adjudication until such time the election results were in and the resulting injury to the rights of African Americans to participate in the general election in the 8th Congressional District contest for Congress were concrete.

3. Additionally, this is an action for declaratory to obtain a ruling that California's Proposition 14 entitled the "Top Two Primaries Act [which took effect April 19, 2011] that modified Article II, Section 5 of the California Constitution and Section 6 of Article II of the California Constitution, is unconstitutional as violating ELISE BROWN's rights in the 8th Congressional District in that:

(a) the first and fourteenth amendment right to freedom of association, which protects the freedom to join and participate in the general election process in furtherance of common political beliefs, which by its nature includes the right to select and be able to vote for party nominees in the general elections [as per United States Supreme Court in Democratic Party of the United States of America v Wisconsin ex rel La Follette, 450 US 107 (1981) and reaffirmed in California Democratic Party v Jones 530 US 567, 573-74 (2000)], the right of qualified voters to cast their votes effectively ["which ranks amongst our most precious freedoms" per Anderson v Celebreeze, 460 U.S. 780, 787-88, quoting Williams v Rhodes, 393 U.S. 23, 30-31] and the right to have ideas compete through general election candidates from each of the parties, is abridged as in the Top Two Primaries Act, the top two candidates present race-hostile policy positions

including but not limited to Craig Imus (the top vote getter in the 8th Congressional District) wanting to only uphold the Constitution as it was written (which did not recognize that anyone had the right to vote other than white males and only counted African Americans as three-fifths of a person under Section 2 of Article 1 of the United States Constitution) and both Craig Imus and Paul Cook not recognizing the right of women to control their reproductive health decisions, both major issues for people of color in general elections such as the one coming up in November. Paul Cook voted against an anti-discrimination bill (AB 1450 which prohibited discrimination against unemployed workers, a class African Americans lead percentage-wise in California, SB 185 which allowed race, ethnicity and gender to be considered in college admission decisions).

(b) The retained right to vote in a federal general election for a democrat, a practice that has existed all of Plaintiff's adult life and since the first election after California was admitted to the Union, is a substantive due process right protected under the 14th Amendment & Bush v Gore (2000), which recognized that State citizens had rights in federal elections under the substantive due process clause of the United States Constitution, rights now abridged by the conservative-only republican-only general election in the 8th Congressional District./1

(c) California Election Code Section 8147 authorizes and directs the California Secretary of State to issue certificates of nomination (note nomination is singular) to candidates for Congress, which is contradicted when nomination is of people from the same political party, an enlargement of power under statute.

//

//

---

1/ Districts with two republican "nominees" includes the 31st with Bob Dutton and Gary Miller, leaving top vote getting democratic candidate Pete Aguilar out of the November general election & in the 8th top Democratic vote getter Jackie Conaway will similarly not be in the general election either. Districts where the two top voters are democrats, which could be affected by a decision in this case include the 15th (Eric Stalwell-D), the 30th (Howard Berman-D), 33rd (Chris. David-R), 43rd (Bob Flores-D), 44th (Laura Richardson-D) & the 40th(David Sanchez-D).

## II. JURISDICTION

4. The jurisdiction of this Court is invoked as to the Voting Rights Act under Title 28 of the United States Code, 1331, 1343(3), 1343(4) and 2201, this suit being authorized by Title 42 of the United States Code, 1983.

5. The jurisdiction of this Court as to the associational right claims is based on the common law articulated in Democratic Party of the United States of America v Wisconsin ex rel La Follette, 450 US 107 (1981) and reaffirmed in California Democratic Party v Jones [530 US 567, 573-74 (2000)], which recognized that "substantial intrusion into [ ] associational freedom" occurs when people are deprived of the right to vote for their candidate in the November general election for federal offices.

## III. PARTIES

6. Plaintiff Elise Brown is an African American adult citizen, a long time member of the California Democratic Party, the San Bernardino County Democratic Central Committee by election, the California State Democratic Party's Central Committee, an officer of the Adelanto-Victorville Democratic Club and proceeds in her own behalf and of those person similarly situated.

7. Plaintiff desires to participate in the electoral and political process for the House of Representatives and to have her and all those similarly situated persons' votes counted on an equal basis with white citizens of San Bernardino County by being able to vote for a Democratic candidate in the general election.

8. Defendant Secretary of State, Deborah Bowen is sued in her official capacity only to the extent of her issuing a certificate of nomination for Congressional races pursuant to State Election Code Section 8147 pursuant to the Top 2 Primary law. As Bowen is the Chief Election Officer of the State of California and has responsibility for the general supervision and administration of the election laws, is responsible to obtain and maintain uniformity in the application and administration of the election laws and issue a certificates of

nomination for congress for each of the top voters for each party.

9. At all relevant times set out herein, defendant was and have been acting under color of the statutes, ordinances, regulations, customs and usages of the State of California.

## IV. FACTS

10. Plaintiff as a democrat and an African American voter represents a group that predominately votes for Democrats for federal offices in primary and general elections and the registration numbers bears that disparity out. Since 1964 when African Americans voted democratic 82% of the time, 92% of the time in 1968 and with the exception of 1972, 1984 and the 1992 elections, African Americans would continue to give at least 80% of the collective votes to Democrats.

11. The 8th Congressional Districts break down as 8% African American, 35% Hispanic, 50% White.

12. Pursuant to California's Proposition 14 entitled the "Top Two Primaries Act", which took effect April 19, 2011, modified Article II, Section 5 of the California Constitution and Section 6 of Article II of the California Constitution, effectively deprives African American voters of the right to vote:

(a) Prohibiting political parties which historically align with African American voters from nominating candidates in a primary;

(b) Prohibits plaintiff and all those similarly situated from supporting a federal candidate from their own political party of choice in the general election by eliminating their candidate should he or she not be a top two vote getter in the primary;

(c) Prohibiting the highest Democratic vote getter from representing the democratic party in the November 2012 general election for the first time in 160 years of California and United States history;

(d) Creating voter confusion when they see only 2 republicans to vote for,

having come to the polls expecting to have a choice of voting for a democratic candidate of their own choosing;

(e) Creating a severe restriction upon the exercise of their voting rights in that for the first time, they will have to decide whether to vote at all for a non-democratic candidate;

(f) Prohibiting write in voters that are Democrats from seeking to participate in the November 2012 election;

(g) Taking away a fundamental right to be able to vote for a party champion in a federal race in the general election;

(h) By having only republicans in the general election for a federal office, depriving plaintiff and all those similarly situated of the right to associate by supporting and voting for a Democratic candidate in the general election for Congress;

(i) By the Secretary of State upholding a law like the Top 2 Primary which compels the citizens to vote in a top two open primary in a district that has a substantial advantage registration-wise for republicans as created by the so-called non-partisan commission, the state is effectively empowering the Republican party by declaring to plaintiff and all those similarly situated, that they no any longer have a right to vote for a democratic candidate of their choice, in effect a state action stripping political choice and are further stripping the people like plaintiff and those similarly situation from having the back-up valve of being able to run a write-in candidate of their choice;

(j) By having a Top 2 Primary System in a republican registration advantage district, plaintiff and all those similarly situation are coerced to associate with the republican candidates selected, should they wish to exercise their right to vote, by voting for persons that philosophically and politically are diametrically opposed to their interests and views in violation of plaintiff's and those similarly situated's right to NOT associate or not exercising the fundamental right to vote.

(k) Debra Bowen as the California Secretary of State is to issue under Elections Code Sec. 8147 a certificates of "nomination" ( a singular) reference, for each top vote getter for each party, and to issue certificates of nomination for people from the same party, facially contradicts the plain meaning of term.

13. The political processes leading to the general election in 2012 and every two years thereafter in San Bernardino County are not equally open to participation by African-Americans, in that African-Americans have less opportunity than other members of the electorate to participate in the political process and to elect candidates of their choice because of the Top 2 Primary.

14. African-Americans in San Bernardino County bear the effects of discrimination in such areas as education, employment and health, which hinder their ability to participate effectively in the political process.

15. In the entire history of San Bernardino County, no African-American has ever been elected to any countywide office and with the Top Two primary, with 8.9% of San Bernardino County being African American, .6% in Inyo County and .3% in Mono County [county-wise numbers per the 2012 Census] and a created 10% registration advantage of Republican over democrat and a nearly 20% decline-to-state budge on top of that, African American voters will have added to their burden the result of having to choose between two conservative republicans that garnered only 30.8% of the vote.

## VI. EQUITABLE RELIEF

16. There is a real and actual controversy between the parties and the issue is ripe for adjudication. Plaintiffs have no adequate remedy at law other than this action for injunctive and declaratory relief and to deny relief herein, due to the percentage to population of African Americans, will strip African Americans of their associational and other related civil rights as set forth herein for the next decade.

17. Plaintiffs are and will continue to suffer irreparable injury as a result

of the acts of Defendant complained of herein and that injury will continue unless declared to be unlawful and enjoined by this Court.

## V. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

*Fourteenth Amendment to the United States Constitution 42 U.S.C. §1983*

18. Plaintiffs hereby reallege and incorporate by reference each of the 16 foregoing paragraphs.

19. Unless enjoined by this Court, Defendant on or about July 13, 2012 will prepare Certificates of Nomination for Congressional candidates under California Election Code Sec. 8147.

20. Defendant, acting under color of state law, threatens to deprive Plaintiffs including the individual Plaintiff of their fundamental right to vote.

21. Any holding (of using the Top 2 Primary results) results in the denial or abridgment of the right of plaintiff's fundamental right under the 14th Amendment in that Democrats have had the right to have a party representative in the general election for Congress since California joined the Union over 160 years ago. To now abolish that right by State Initiative and allow the Secretary of State to prepare 2 nomination certificates for people from the same political party, violates plaintiff's and all those similarly situated's substantive due process right, right of association and those rights otherwise reserved to the state, but not enumerated in the Bill of Rights.

22. Plaintiff and all those similarly situated have always been able to vote for a party champion since the first days of the republic, creating a federal voting right that should not be abridged by State Action under the 14th Amendment and the rationale in Bush v Gore.

23. Defendant, acting under color of state law, threatens to violate Plaintiffs' rights to equal protection, due process, and the privileges or immunities of citizens of the United States guaranteed by the Fourteenth Amendment to the

United States Constitution in that for the next decade, plaintiff and those similarly situated will not be able to exercise their associational rights by voting for a candidate that shares their concerns and priorities.

## SECOND CLAIM FOR RELIEF

*Section 2 of the Voting Rights Act, 42 U.S.C. §1973*

24. Plaintiff hereby realleges and incorporate by reference each of the 22 foregoing paragraphs.

25. Section 2 of the Voting Rights Act, 42 U.S.C. §1973, prohibits voting practices and procedures that result in the denial or abridgement of the right to vote on account of race, color, or linguistic minority status.

26. The holding of using the Top 2 Primary results in the denial or abridgment of the right of Plaintiffs to vote on account of race or color in violation of 2 of the Voting Rights Act of 1965, 42 U.S.C. 1973, and these election structures were adopted and have the effect of diluting, minimizing and canceling out the voting strength of African-Americans in violation of the rights of Plaintiffs secured by the Fourteenth and Fifteenth Amendments of the Constitution of the United States, and 2 of the Voting Rights Act of 1965, 42 U.S.C. 1973 or in resulting dilution, minimizing and canceling out by a reckless disregard of the substantial likelihood of creating a district where a democrat would not be available for an African American to vote for, creating not only a denial of choice and abridgement of associational rights in a federal election.

27. Unless enjoined by this Court, Defendant will on July 13, 2012 prepare Certificates of Nomination for Congressional candidates under California Election Code Sec. 8147 a system of voting that abridges Plaintiffs' right to vote for the next decade in violation of Section 2 of the Voting Rights Act.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS respectfully request that this Court enter judgment in their favor and the following relief:

(1) Issue a temporary restraining order or such other preliminary injunctive relief as is appropriate prior to the Secretary of State's scheduled preparation of the certificates of nomination on July 13, 2012 so that the court can first decide if California's Proposition 14 entitled the "Top Two Primaries Act [which took effect April 19, 2011] that modified Article II, Section 5 of the California Constitution and Section 6 of Article II of the California Constitution, violates the 1982 Reauthorization of the Federal Voting Rights Act by eliminating from the November 2012 general election the top vote getting democratic candidate;

(2) Alternatively to No. (1), issue a temporary restraining order or such other preliminary injunctive relief as is appropriate prior to the Secretary of State's scheduled preparation of the certificates of nomination on July 13, 2012 so that the court can decide if California's Proposition 14 entitled the "Top Two Primaries Act [which took effect April 19, 2011] that modified Article II, Section 5 of the California Constitution and Section 6 of Article II of the California Constitution, violates the 1982 Reauthorization of the Federal Voting Rights Act, by abolishing 160 years of voting rights for ALL Californians that they be able to vote in a general election for a candidate from the party they are members of, is unlawful;

(3) Issue a temporary restraining order or such other preliminary injunctive relief as is appropriate based on the plain reading of Election Code 8147 which refers to nomination certificates in the singular, requiring under historical tradition and the plain meaning of the words, one nomination, for one person from each party that ran;

(4) Alternatively, issue a temporary restraining order or such other preliminary injunctive relief as is appropriate prior to the Secretary of State's scheduled preparation of the certificates of nomination on July 13, 2012 so that the court can decide if California's Proposition 14 entitled the "Top Two Primaries Act [which took effect April 19, 2011] that modified Article II, Section 5 of the California Constitution and Section 6 of Article II of the California Constitution,

1 violates the first, fourteen and fifteen amendments of the United States
2 Constitution;

3     (5) Enter a declaratory judgment that ELISE BROWN's and all those
4 Democrats similarly situated's rights are violated by California's Proposition 14
5 entitled the "Top Two Primaries Act" [which took effect April 19, 2011] that
6 modified Article II, Section 5 of the California Constitution and Section 6 of
7 Article II of the California Constitution, violates rights under Section 2 of the
8 Voting Rights Act as amended in 1982;

9     (5) Enter a declaratory judgment that ELISE BROWN's and all those
10 Democrats similarly situated's rights are violated first, fourteenth and fifteenth
11 amendment right to freedom of association, to cast their votes effectively;

12     (6) To restore the previous system that allowed the top vote getter from each
13 party to stand for election in the November 2012 election so to obtain and
14 maintain constitutional uniformity;

15     (7) *Alternatively,* should the court not set this motion and rule on it before
16 the Secretary of State prepares its certificates of nomination for Congressional
17 candidates, that the court, should it rule on the merits in plaintiff's favor, vacate
18 and expunge from the record the certificates of nomination prepared and issued,
19 and issue an order declaring the top voter getter from each party be only issued
20 certificates of nomination for the November 2012 general election.

21     (8) To award Plaintiffs the costs and expense of this action together with
22 their reasonable attorneys' fees; and

23     (9) To retain jurisdiction of this action and grant to Plaintiff(s) any further
24 relief which may, in the discretion of this Court, be necessary and proper.

25 DATED: June 25, 2012         Respectfully submitted,

By: /s/ ROBERT D. CONAWAY
Attorneys for Plaintiff, ELISE BROWN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

**CV12- 5547 PA (SPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Elise Brown

**DEFENDANTS**
Debra Bowen, California Secretary of State

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert D. Conaway Bar No 119657 [760-256-0603]
222 East Main Street, Suite 212, Barstow CA 92311
Mailing address: PO Box 865, Barstow CA 92312-0865

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No        ☒ **MONEY DEMANDED IN COMPLAINT:** $ injunction, dec relief & atty fees

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC 1973, Section 2 of Voting Rights Act, 42 USC 1983 [voting rights of African Americans violated by California's Top 2 Primary]

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☒ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

CV 12 - 05547 PA SPX

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          JUN 26 2012          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Sacramento County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | Inyo, Mono |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 6/22/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Elise Brown, | ) |
| | ) |
| | ) |
| Plaintiff(s) | ) |
| v. | ) Civil Action No. CV 12-05547 PA SPx |
| Debra Bowen, California Secretary of State | ) |
| | ) |
| | ) |
| Defendant(s) | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Debra Bowen
California Secretary of State
1500 11th Street
Sacramento CA 95814

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Robert D. Conaway
222 East Main Street, Suite 212, Barstow CA 92311
Mailing address: PO Box 865, Barstow CA 92312-0865

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI
CLERK OF COURT

JUN 26 2012

Date: _____

Signature of Clerk or Deputy Clerk

(1134)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: