LODGED

Robert D. Conaway Bar No #119657
LAW OFFICE of ROBERT D. CONAWAY
222 East Main Street, Suite 212
Mailing address: PO Box 865
Barstow, CA 92312-0865
Phone: (760) 256-0603
Fax: (760) 256-0660
rdconaway@gmail.com

2012 JUN 26  AM 10: 58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

Attorney for ELISE BROWN, Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CV 12 - 05547 PA SPx

| | |
|---|---|
| ELISE BROWN, | CASE No. |
| Plaintiff, | |
| v. | NOTICE OF MOTION & MOTION FOR PRELIMINARY INJUNCTION |
| DEBRA BOWEN, California Secretary of State | Date: July 23, 2012<br>Time: 10:00 am<br>Room: TBD |
| Defendant. | [FILED CONCURRENT WITH PROPOSED ORDER, COMPLAINT, MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF EX PARTE, DECLARATIONS OF ELISE BROWN & ROBERT CONAWAY] |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

      PLEASE TAKE NOTICE THAT on July 23, 2012 at 10 am, or as soon thereafter as this matter may be heard before the Honorable _____, pursuant to the Federal Rule of Civil Procedure 65 and Local Rule 65-1, Plaintiff, Elise Brown will and hereby do move this Court for a preliminary injunction enjoining Defendant Debra Bowen from preparing the certificates of nomination as required of her under California Election Code

8147and declaring the Top Two Vote getters under the California Top Two Primary law [modifying Article II of the California Constitution and Section 6 of Article II of the California Constitution] on the grounds that Proposition [14] or the Top Two Primary Act:

    (1) Violates plaintiff's rights under the First, Fourteenth and Fifteenth Amendments of the Constitution of the United States,

    (2) Violates plaintiff's rights under Section 2 of the Voting Rights Act of 1965 ("VRA") as amended in 1982 or more commonly known of as 42 U.S.C. 1973,

    (3) Violates plaintiff's first and fourteenth amendment right to freedom of association, which protects the freedom to join and participate in the general election process in furtherance of common political beliefs, which by its nature includes the right to select and be able to vote for party nominees in the general elections [as per United States Supreme Court in Democratic Party of the United States of America v Wisconsin ex rel La Follette, 450 US 107 (1981) and reaffirmed in California Democratic Party v Jones 530 US 567, 573-74 (2000)],

    (4) Violates the right of qualified voters to cast their votes effectively ["which ranks amongst our most precious freedoms"] per Anderson v Celebreeze, 460 U.S. 780, 787-88, quoting Williams v Rhodes, 393 U.S. 23, 30-31] and protection against "substantial intrusion into .... associational freedom which occurs when people are deprived of the right to vote for their candidate in federal elections". LaFollette Id.,

    (5) Violates the retained right to vote in a federal general election for a democrat, a practice that has existed all of Plaintiff's adult life and since the first election after California was admitted to the Union in 1850, is a substantive due process right protected under the 14th Amendment & Bush v Gore (2000) &

    (6) the California Election Code Section 8147 authorizes and directs the California Secretary of State to issue certificates of nomination (note nomination

1 is singular) to candidates for Congress, so to the extent multiple nominations from
2 one party are issued for a primary, Secretary of State Bowen exceeds her statutory
3 authority under Election Code Sec 8147.
4     This motion is made after an attempt to set up a pre-motion early meet
5 pursuant to the local rules and good practice on June 22, 2012, but was frustrated
6 by the lack of any call back, fax or email from the California Secretary of State's
7 attorneys after a letter and draft of the complaint were faxed to the Secretary of
8 State contact who gave me his name and fax for that initial contact purpose.
9     Needless to say, the parties could not reach an agreement on
10 anything addressed by the within motion and given the time factors involved in
11 elections, this motion became necessary.
12     This motion is based on the accompanying Memorandum of Points and
13 Authorities, the Declaration of Elise Brown and Robert D. Conaway and plaintiff's
14 request for judicial notice and such other matters as may be introduced up to and
15 including the hearing noticed on this motion.
16 Dated: June 25, 2012        LAW OFFICE of ROBERT D. CONAWAY

ROBERT D. CONAWAY,
Attorney for Elise Brown, Plaintiff