1   KAMALA D. HARRIS
    Attorney General of California
2   PETER A. KRAUSE
    Supervising Deputy Attorney General
3   GEORGE WATERS
    Deputy Attorney General
4   State Bar No. 88295
      1300 I Street, Suite 125
5     P.O. Box 944255
      Sacramento, CA 94244-2550
6     Telephone:  (916) 323-8050
      Fax:  (916) 324-8835
7     E-mail:  George.Waters@doj.ca.gov
    *Attorneys for Defendant Debra Bowen*
8     *as California Secretary of State*

9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13 **ELISE BROWN, and all persons similarly situated,** | Case No. CV12- 5547 P A (SPx) |
| 14 Plaintiff, | **CALIFORNIA SECRETARY OF STATE'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| 15 | |
| 16 **v.** | |
| 17 **DEBRA BOWEN, Secretary of State of California,** | Date:          N/A |
| 18 Defendant. | Time:          N/A |
| 19 | Courtroom:   15 |
| | Judge:         Honorable Percy Anderson |
| | Trial Date:   N/A |
| | Action Filed: 06/26/2012 |

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction .................................................................................................... 1

Factual Statement ........................................................................................... 2

    I.    California's adoption of Proposition 14 and its "top two" primary system. ............................................................................ 2

    II.    The top-two primary was used at the June 2012 primary election for Congressional races, State Legislative races, and Statewide races, resulting in eight Congressional races in which two general election candidates will compete from the same party. ........... 3

Standard for issuing preliminary injunction ................................................. 5

Argument ........................................................................................................ 5

    I.    Plaintiff has not met her burden of showing that she is likely to succeed on the merits. .......................................................... 5

    II.    Plaintiff has not established that she is likely to suffer irreparable harm. ..................................................................... 9

    III.    Plaintiff has not established that the balance of equities tips in her favor. ......................................................................... 9

    IV.    Plaintiff has not established that an injunction is in the public interest. ........................................................................... 10

Conclusion ................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

CASES

*Alliance for the Wild Rockies v. Cottrell*
   632 F.3d 1127 (9th Cir. 2011)..................................................................... 5

*Bush v. Gore*
   531 U.S. 98 (2000) ..................................................................................... 8

*California Democratic Party v. Jones*
   530 U.S. 567 (2000) ............................................................................... 6, 7

*Chamness v. Bowen*
   2011 WL 3715255 (C.D. Cal. 2011)........................................................... 7

*Coalition for Economic Equity v. Wilson*
   122 F.3d 718 (9th Cir. 1997)...................................................................... 5

*Democratic Party of U.S. v. Wisconsin ex rel. La Follette*
   450 U.S. 107 (1981) ................................................................................... 6

*Field v. Bowen*
   199 Cal.App.4th 346 (2011) ...................................................................... 7

*Mazurek v. Armstrong*
   520 U.S. 968 (1997)................................................................................... 5

*McMichael v. Napa County*
   709 F.2d 1268 (9th Cir. 1983) ................................................................. 10

*Northwest Austin Mun. Utility Dist. No. One v. Holder*
   557 U.S. 193 (2009).................................................................................. 8

*Pennhurst State School & Hosp. v. Halderman*
   465 U.S. 89 (1984).................................................................................... 8

*Soules v. Kauaians for Nukolii Campaign Committee*
   849 F.2d 1176 (9th Cir. 1988)............................................................. 1, 10

*Southwest Voter Registration Educ. Project v. Shelley*
   344 F.3d 914 (9th Cir. 2003)............................................................... 2, 11

*Washington State Grange v. Washington State Republican Party*
   552 U.S. 442 (2008) ............................................................................. 1, 7

*Washington State Republican Party v. Washington State Grange*
   676 F.3d 784 (9th Cir. 2012)..................................................................... 7

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3    *Winter v. Natural Resources Defense Council, Inc.*

4         555 U.S. 7 (2008) ................................................................................................ 5

5    **STATUTES**

6    42 United States Code

         § 1973 ............................................................................................................... 11
7         § 1973c .............................................................................................................. 8
         § 1973c(a) ......................................................................................................... 8

8    California Elections Code

9         § 6300(b) ........................................................................................................... 6
         § 8000(b) ........................................................................................................... 6
10        § 8147 ................................................................................................................ 8

11   **CONSTITUTIONAL PROVISIONS**

12   California Constitution

         Article II, § 5(a) ............................................................................................... 3
13

     **COURT RULES**
14

15   Federal Rules of Civil Procedure

         Rule 19(a) ......................................................................................................... 2
16        Rule 19(a)(1)(B)(1) ......................................................................................... 10

17   **OTHER AUTHORITIES**

     State's *June 8, 2010, Primary Election – Statement of Vote* at
18        http://www.sos.ca.gov/elections/sov/2010-primary/ ................................... 2

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

This opposition is filed by defendant Debra Bowen, California Secretary of State.

Plaintiff's motion for preliminary injunction seeks to overturn the results of eight recently-completed Congressional primary elections.  Her theory is that various provisions of the United States Constitution, as well as the federal Voting Rights Act, guarantee her the right to vote for a Democrat at the November general election for the California's Eighth Congressional District seat.  She notes that the primary election, conducted under California's top-two primary, produced two Republican general election candidates in the Eighth Congressional District.  Accordingly, she seeks to remove certain candidates from the November general election ballot and replace them with others.  Her motion should be denied for three principal reasons.

First, plaintiff is unlikely to prevail on the merits.  The scant authority she cites in her seven-page memorandum is inapposite.  On the other hand, there is persuasive authority (none of it acknowledged by plaintiff) upholding top-two primaries against First and Fourteenth Amendment challenges.  *See, e.g., Washington State Grange v. Washington State Republican Party*, 552 U.S. 442 (2008).

Second, the balance of equities tips sharply against plaintiff.  The Ninth Circuit imposes a duty on parties challenging election procedures to bring their challenges before the election, when any defects would be most easily cured.  *See Soules v. Kauaians for Nukolii Campaign Committee*, 849 F.2d 1176, 1180 (9th Cir. 1988).  Plaintiff offers no convincing explanation for her two-year delay in bringing this action.  Although plaintiff's proposed injunction would remove at least eight candidates from the general election ballot, she has given no notice to these candidates and has not joined them as defendants.  These candidates are

1  indispensable parties because this litigation may impair their ability to protect their

2  interests.  *See* Fed. R. Civ. P. 19(a).

3      Third, an injunction is not in the public interest.  The primary election is over.

4  If the results are enjoined, all Californians will suffer hardship by virtue of their

5  legitimate expectation that only the top two vote-getters will go on to the general

6  election.  As the Ninth Circuit has stated, "Interference with impending elections is

7  extraordinary, and interference with an election after voting has begun is

8  unprecedented."  *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d

9  914, 919 (9th Cir. 2003).

10      For these reasons, as more fully explained below, plaintiff's motion should be

11  denied.

## FACTUAL STATEMENT

12

13  **I.   CALIFORNIA'S ADOPTION OF PROPOSITION 14 AND ITS "TOP TWO"
        PRIMARY SYSTEM.**

14

15      In June 2010, California voters approved Proposition 14, the "Top Two

16  Candidates Open Primary Act," by a margin of 53.8 to 46.2 percent.[1]  Proposition

17  14 applies to elections held after January 1, 2011.  (Waters Decl., Exh. A-11

18  [Proposition 14, 5th Clause].)

19      Proposition 14 amended the California Constitution to eliminate partisan

20  primaries for state and congressional offices.  It created a "top two" or "voter-

21  nominated" primary system in which all candidates for a particular office appear on

22  the same primary ballot and only the top two, regardless of party affiliation, go on

23  to the general election:

24      All voters may vote at a voter-nominated primary election for any
        candidate for congressional and state elective office without regard to the

25      political party preference disclosed by the candidate or the voter,

26      provided that the voter is otherwise qualified to vote for candidates for

27  _____
      [1]  *See* the Secretary of State's *June 8, 2010, Primary Election – Statement of
28  Vote* at http://www.sos.ca.gov/elections/sov/2010-primary/.

the office in question.  The candidates who are the top two vote-getters at a voter-nominated primary election for a congressional or state elective office shall, regardless of party preference, compete in the ensuing general election.

Cal. Const. art. II, § 5(a).

The Official Title and Summary, printed in the *Official Voter Information Guide*, informed voters that Proposition 14 "[p]rovides that only the two candidates receiving the greatest number of votes in the primary will appear on the general election ballot regardless of party preference."  (Waters Decl., Exh. A-4.)  The Argument Against Proposition 14 stated:

> This means voters may be forced to choose between two candidates from the same political party.  Democrats could be forced to choose between two Republicans, or not vote at all.

(Waters Decl., Exh. A-9.)

**II.   THE TOP-TWO PRIMARY WAS USED AT THE JUNE 2012 PRIMARY ELECTION FOR CONGRESSIONAL RACES, STATE LEGISLATIVE RACES, AND STATEWIDE RACES, RESULTING IN EIGHT CONGRESSIONAL RACES IN WHICH TWO GENERAL ELECTION CANDIDATES WILL COMPETE FROM THE SAME PARTY.**

The top-two primary was used at the June 2012 primary for Congressional, United States Senate, State Senate, and State Assembly races.  It appears that a total of eight Congressional primaries will produce two general election candidates from the same party.  Plaintiff's proposed preliminary injunction would prevent the

/ / /

/ / /

Secretary of State from issuing nomination papers to the candidates in all these races.  The affected candidates are:[2]

| **District** | **Top Two** |
|:---:|:---|
| 8 | Greg Imus, Rep.<br>Paul Cook, Rep. |
| 15 | Pete Stark, Dem.<br>Eric Swalwell, Dem. |
| 30 | Howard Berman, Dem.<br>Brad Sherman, Dem. |
| 31 | Bob Dutton, Rep.<br>Gary Miller, Rep. |
| 35 | Joe Baca, Dem.<br>Gloria Negrete McLeod, Dem. |
| 40 | Lucille Roybal-Allard, Dem.<br>David Sanchez, Dem. |
| 43 | Bob Flores, Dem.<br>Maxine Waters, Dem. |
| 44 | Janice Hahn, Dem.<br>Laura Richardson, Dem. |

On July 3, 2012, county elections officials completed the official canvass of votes and certified the results.  (Waters Decl., Exh. B-22 [Election Calendar].)  The Secretary of State anticipates issuing certificates of nomination to the top-two candidates in all Congressional, United States Senate, State Senate, and State Assembly races on July 14, 2012.  (Waters Decl., Exh. B-23 [Election Calendar].)

---

[2]  The current results are posted on the Secretary of State's website at http://vote.sos.ca.gov/contests/district/us-congress/.

## STANDARD FOR ISSUING PRELIMINARY INJUNCTION

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948, pp. 129-130 (2d ed.1995)) (emphasis added by Supreme Court).  A plaintiff seeking a preliminary injunction must establish:  (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

The Ninth Circuit requires that the four *Winters* factors be balanced on a sliding scale:  "A preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-1135 (9th Cir. 2011) (internal citation omitted).  Nonetheless, plaintiff must make a showing of all four *Winters* factors.  *Id.*

Plaintiff's burden is particularly heavy when the plaintiff seeks to enjoin an initiative measure because "it is clear that a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined."  *Coalition for Economic Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997).

## ARGUMENT

### I.   PLAINTIFF HAS NOT MET HER BURDEN OF SHOWING THAT SHE IS LIKELY TO SUCCEED ON THE MERITS.

Plaintiff's contention is that the First Amendment right to freedom of association guarantees her the right to vote for a Democrat at the general election for the 8th Congressional District.  (Dkt. # 3-4, p. 2, ll. 27-28.)  This contention is unprecedented and has no support whatsoever in case law.  Her seven-page

5

memorandum cites two cases to support this contention.  (Dkt. # 3-4, p. 3, ll. 1-10.)  Both are inapposite.

The decision in *Democratic Party of U.S. v. Wisconsin ex rel. La Follette*, 450 U.S. 107 (1981), addressed the question whether the Democratic National Party could be forced to seat delegates from Wisconsin who had been chosen by an open primary in which any voter (not just Democrats) was allowed to participate.  The national party rules required that delegates be chosen at primaries that were limited to Democrats.  *Id*. at 109.  The Supreme Court held that the national party could not be forced to seat delegates *at its national convention* if to do so would violate party rules.  *Id*. at 126.  *La Follette* does not, however, restrain a state's right to structure primary elections; the opinion notes that "[t]he State has a substantial interest in the manner in which its elections are conducted[.]"  *Id*. at 126.  This holding recognized that the First Amendment right of association includes the right of members of a political party *not* to be compelled to associate with non-members.  Accordingly, *La Follette* casts no shadow on California's top-two primary system, because the top-two primary is not used to choose delegates to national party nominating conventions.  Cal. Elec. Code § 8000(b) [top-two primary chapter inapplicable to presidential primary elections]; *see, e.g.*, Cal. Elec. Code § 6300(b) [election of delegates to Republican Party national convention].

The second case relied on by plaintiff, *California Democratic Party v. Jones*, 530 U.S. 567 (2000), also is inapposite.  The Supreme Court held in *Jones* that California's prior *blanket* primary system, which allowed all voters – regardless of political affiliation – to choose party nominees, violated the First Amendment.  *Id*. at 586.  However, the opinion in *Jones* also noted that "States have a major role to play in structuring and monitoring the election process, including primaries."  *Id*. at 572.  Accordingly, *Jones* explained that a top-two primary does *not* violate the First Amendment, in the course of drawing a comparison with the constitutionally infirm blanket primary system at issue in that case:

Generally speaking, under such a [top-two] system, the State determines what qualifications it requires for a candidate to have a place on the primary ballot-which may include nomination by established parties and voter-petition requirements for independent candidates.  Each voter, regardless of party affiliation, may then vote for any candidate, and the top two vote getters (or however many the State prescribes) then move on to the general election.  This system has all the characteristics of the partisan blanket primary, save the constitutionally crucial one:  Primary voters are not choosing a party's nominee.  Under a [top-two] primary, a State may ensure more choice, greater participation, increased "privacy," and a sense of "fairness" – all without severely burdening a political party's First Amendment right of association.

*Id*. at 585-586.

Plaintiff's memorandum ignores a wealth of authority upholding top-two primaries against First and Fourteenth Amendment challenges.  *See, e.g., Washington State Grange*, 552 U.S. at 458-459 (Washington top-two primary does not facially violate associational rights of political parties); *Washington State Republican Party v. Washington State Grange*, 676 F.3d 784, 793 (9th Cir. 2012) (affirming summary judgment in favor of the defendant State on as-applied freedom of association claims against top-two primary); *Chamness v. Bowen*, 2011 WL 3715255, *7, *10 (C.D. Cal. 2011) (summary judgment granted to California Secretary of State in First Amendment, Fourteenth Amendment, and Elections Clause challenge to California top-two primary and implementing legislation); *Field v. Bowen*, 199 Cal.App.4th 346, 372 (2011) (affirming order denying preliminary injunction where First Amendment challenge to California top-two primary and implementing legislation not likely to prevail on the merits).

To the extent that plaintiff claims that a top-two primary violates the federal Voting Rights Act (VRA), she cites no authority for that proposition.  She also ignores the fact that California's top-two primary was pre-cleared by the Civil Rights Division of the United States Department of Justice.  (Waters Decl., Exh. C.)

1   Section 5 of the VRA requires California to obtain pre-clearance of new statewide

2   voting practices from either the Attorney General of the United States or the United

3   States District Court for the District of Columbia.  42 U.S.C. § 1973c.  Preclearance

4   is granted only where the proposed change neither "has the purpose nor will have

5   the effect of denying or abridging the right to vote on account of race or color."  42

6   U.S.C. § 1973c(a); *Northwest Austin Mun. Utility Dist. No. One v. Holder*, 557 U.S.

7   193, 198 (2009).  While pre-clearance does not prohibit subsequent suits under

8   Section 2 of the VRA, the fact that California's top-two primary was pre-cleared by

9   the United States Department of Justice is further evidence that plaintiff is unlikely

10   to prevail on the merits.

11          Plaintiff makes two other arguments that can be dealt with briefly.

12          First, plaintiff suggests that *Bush v. Gore*, 531 U.S. 98 (2000), gives her a

13   substantive due process right to vote for a Democrat in the general election.

14   (Dkt. # 3-4, p. 3, l. 27 – p. 4, l. 8.)  This suggestion misreads *Bush v. Gore.*  That

15   case held that the Due Process and Equal Protection clauses of the Fourteenth

16   Amendment require a statewide recount of presidential election ballots to be

17   conducted with adequate statewide standards for determining what is a legal vote,

18   practicable procedures to implement those standards, and orderly judicial review of

19   any disputed matters that might arise.  *Id*. at 110.  *Bush v. Gore* is a process

20   decision; it requires that an election be conducted under a consistent, established set

21   of rules.  It does not create a right to vote at the general election for candidates of a

22   particular party.

23          Finally, plaintiff suggests that the top-two primary violates California

24   Elections Code section 8147, which governs certificates of nomination issued by

25   the Secretary of State.  (Dkt. # 3-4, p. 4, ll. 9-12.)  This claim is barred by the

26   Eleventh Amendment.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S.

27   89, 121 (1984) (claim that state officials violated state law in carrying out their

28

1    official responsibilities is a claim against the State that is barred by the Eleventh

2    Amendment).

3        In sum, plaintiff has not met her burden of showing that she is likely to

4    succeed on the merits.

5    **II.   PLAINTIFF HAS NOT ESTABLISHED THAT SHE IS LIKELY TO SUFFER
         IRREPARABLE HARM.**

6

7        Plaintiff's assertion of irreparable harm consists solely of the claim that she

8    will not be able to vote for a Democrat in the November general election for the

9    Eighth Congressional District seat.  Plaintiff ignores the fact that she was able to

10   vote for a Democrat at the primary, and that the only reason that no Democrat is on

11   the general election ballot is that the voters in CD 8 elected Republicans to the top

12   two positions.  This is the system that was approved by almost three million voters

13   at the June 2011 primary election.

14   **III.   PLAINTIFF HAS NOT ESTABLISHED THAT THE BALANCE OF EQUITIES
         TIPS IN HER FAVOR.**

15

16       The relief sought by plaintiff is unprecedented.  She seeks an order "that the

17   top vote getters from each party stand in the general election in November 2012 and

18   for each election thereafter."  (Dkt. # 3-4, p. 7, ll. 1-3 [Plaintiff's Memorandum];

19   s*ee also* Dkt # 1, p. 11, ll. 12-14 [Complaint] (plaintiff seeks judgment to "restore

20   the previous system that allowed the top vote getter from each party to stand for

21   election in November 2012 election").)  In other words, now that the primary

22   election is over, plaintiff wants to change the rules to declare a new set of winners.

23       The record is clear that the equities tip dramatically against plaintiff.  She has

24   inexplicably delayed more than two years in filing her complaint.  She has allowed

25   an entire primary election to proceed without ever suggesting that it suffers from a

26   legal infirmity.  She now seeks to reverse the results of eight Congressional races

27   and, in effect, a multitude of State Senate and State Assembly races.  The Ninth

28   Circuit has wisely adopted a rule barring such a maneuver:

> [I]n order to create an appropriate incentive for parties to bring challenges to state election procedures when the defects are most easily cured, we have held that "[t]he law imposes a duty on parties having grievances based on discriminatory practices to bring their complaints forward for preelection adjudication."

*Soules*, 849 F.2d at 1180 (internal citation omitted); *see also McMichael v. Napa County*, 709 F.2d 1268, 1273-1274 (9th Cir. 1983) (Kennedy, J., concurring) (invalidation of an election "has been reserved for instances of willful or severe violations of established constitutional norms"). It has long been apparent that, in some cases, the top-two primary would produce two general election candidates from the same party. Plaintiff offers no convincing explanation why her challenge could not have been brought before the election.

Further, plaintiff has not joined, and has not given notice to, the Congressional candidates she seeks to strike from the general election ballot. Plaintiff's Certification and Notice of Interested Parties lists thirteen candidates who would be affected by the injunction she seeks. (Dkt. # 2.) But she lists only the candidates in six Congressional races. As set out above, the injunction she seeks will affect, at the least, eight Congressional races. Each of the affected candidates is a required party. *See* Fed. R. Civ. P. 19(a)(1)(B)(1) (a person must be joined as a party where that person claims an interest relating to the subject of the action and is so situated that disposing of the action may "as a practical matter impair or impede the person's ability to protect the interest"). It would be inequitable, at the least, to change the results of a primary election without the participation of these necessary parties.

## IV.   PLAINTIFF HAS NOT ESTABLISHED THAT AN INJUNCTION IS IN THE PUBLIC INTEREST.

The Ninth Circuit has recently emphasized the extraordinary public interest in ensuring that elections are conducted in an orderly manner under well-established rules. When a plaintiff seeks to change the rules for a statewide election mid-stream,

CALIFORNIA SECRETARY OF STATE'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (CV12- 5547 P A (SPx)

1
2
3
4

> hardship falls not only upon the putative defendant, the California Secretary of State, but on all the citizens of California, because [such a] case concerns a statewide election. The public interest is significantly affected. For this reason our law recognizes that election cases are different from ordinary injunction cases. Interference with impending elections is extraordinary, and interference with an election after voting has begun is unprecedented.

5  *Shelley*, 344 F.3d at 919 (9th Cir. 2003) (internal citations omitted). In *Shelley*, the

6  Ninth Circuit affirmed a district court decision not to enjoin a gubernatorial recall

7  election where plaintiffs had demonstrated "a possibility of success on the merits"

8  on a claim under Section 2 of the VRA, 42 U.S.C. § 1973. *Id.* The court noted that

9  candidates had "crafted their message to the voters in light of the originally-

10  announced schedule," and that "hundreds of thousands of absentee voters [had]

11  already cast their votes in similar reliance on the election going forward[.]" *Id*.

12  Hence "the status quo that existed at the time the election was set cannot be restored

13  because this election has already begun." *Id*.

14      The same is true here. In the present case, plaintiff seeks to enjoin an election

15  much more advanced than the gubernatorial recall election considered in *Shelley*.

16  The primary election is over. All votes have been cast and counted; all that remains

17  is the official certification of the results. Candidates have "crafted their message"

18  to the top-two primary and voters have cast their votes with the expectation that

19  only the top two vote-getters will go on to the general election. The pre-election

20  status quo cannot be restored, even if there were any cause to do so, because the

21  primary election is over. *See Shelley*, 344 F.3d at 919.

22  / / /

23  / / /

24
25
26
27
28

CALIFORNIA SECRETARY OF STATE'S OPPOSITION
TO PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION (CV12- 5547 P A (SPx)

1

## CONCLUSION

2    For the reasons set forth above, the motion for preliminary injunction should

3 be denied.

4 Dated:  July 6, 2012                                    Respectfully submitted,

5                                                         KAMALA D. HARRIS
                                                          Attorney General of California
6                                                         PETER A. KRAUSE
                                                          Supervising Deputy Attorney General
7
                                                          /s/ GEORGE WATERS
8
                                                          GEORGE WATERS
9                                                         Deputy Attorney General
                                                          *Attorneys for Defendant Debra Bowen*
10                                                        *as California Secretary of State*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28