UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–5547 PA (SPx) | | Date | July 11, 2012 |
|---|---|---|---|---|
| Title | Elise Brown v. Debra Bowen | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Preliminary Injunction filed by plaintiff Elise Brown ("Plaintiff") (Docket No. 9). Also before the Court is an Ex Parte Application for Order Granting Intervention filed by Independent Voter Project ("IVP"), Californians to Defend the Open Primary ("CADOP"), Abel Maldonado, and David Takashima (collectively "Interveners"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.

I.   Factual Background

On June 5, 2012, California's voters participated for the first time in a "top two" open primary for state and congressional offices. The top two or "voter-nominated" primary system was adopted in June 2010 when California's voters approved Proposition 14. In a top two primary system, all candidates for a particular office appear on the same primary ballot and only the top two, regardless of party affiliation, participate in the general election.

Plaintiff is an African American woman and lifelong member of the Democratic Party who resides within California's 8th Congressional District. In the June 5, 2012, primary election to determine the candidates who would appear on the general election ballot, the candidates who received the two highest vote totals both ran as members of the Republican Party. Under the top two primary system, those two candidates will appear on the general election ballot to determine who will represent the 8th Congressional District in the United States House of Representatives. In addition to the 8th Congressional District, candidates from the same party were the top two finishers in seven other congressional districts. In one of those districts, the top two finishers were Republicans, and the top two finishers in the remaining six districts were Democrats.

Plaintiff commenced this action on June 26, 2012. Plaintiff alleges that the top two primary system violates the First and Fourteenth Amendments and section 2 of the Voting Rights Act. Specifically, Plaintiff alleges that the top two primary system violates her right to vote for a candidate from the political party of her choice in the general election and results in the denial or abridgment of Plaintiff's voting rights on the basis of race, color, or linguistic minority status. Plaintiff filed a Motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–5547 PA (SPx) | Date | July 11, 2012 |
|---|---|---|---|
| Title | Elise Brown v. Debra Bowen | | |

for Preliminary Injunction at the same time she filed her Complaint and sought to have the Motion for Preliminary Injunction heard on shortened time. The Court granted Plaintiff's Ex Parte Application for an expedited briefing schedule on the Motion for Preliminary Injunction. In her Motion for Preliminary Injunction, Plaintiff seeks to prevent defendant Debra Bowen, California's Secretary of State ("Defendant" or "Secretary of State") from issuing Certificates of Nomination to the top two finishers in the 8th Congressional District's primary election, or, in the alternative, to enjoin the Secretary of State from issuing nomination papers to more than one person from the same party in each congressional district.

      The Secretary of State filed an Opposition to the Motion for Preliminary Injunction. Additionally, Interveners have sought permission to intervene pursuant to Federal Rule of Civil Procedure 24. Although Plaintiff's counsel would not stipulate to the intervention, Plaintiff has filed no Opposition to Interveners' Ex Parte Application for Order Granting Intervention. According to Interveners' counsel, the Secretary of State does not oppose their intervention.

II.    Analysis

    A.    Ex Parte Application to Intervene

      The Ninth Circuit requires an applicant for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) to demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004) (quoting United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002)). "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). In assessing whether a present party will adequately represent an intervener-applicant's interests, the Ninth Circuit considers "several factors, including whether [a present party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected. The burden of showing inadequacy of representation is minimal and 'is satisfied if the applicant shows that representation of its interests 'may be' inadequate. . . .'" Prete v. Bradbury, 438 F.3d 949, 956 (9th Cir. 2006) (quoting Sagebrush Rebellion, Inc., v. Watt, 713 F.3d 525, 528 (9th Cir. 1983)).

      IVP states that it was founded to represent and advocate for the full engagement of nonpartisan voters in California and was the initial drafter of the measure that became Proposition 14. CADOP asserts that it was formed prior to the passage of Proposition 14 and has as its purpose to advocate for open, nonpartisan primary elections in California. CADOP was involved in the political campaign that resulted in the passage of Proposition 14. Abel Maldonado is the former Lieutenant Governor of California, a current candidate for the House of Representatives, and the primary legislative author of Proposition 14. David Takashima is a member of IVP's Board of Directors. All four potential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–5547 PA (SPx) | Date | July 11, 2012 |
|---|---|---|---|
| Title | Elise Brown v. Debra Bowen | | |

interveners have been allowed to intervene in prior challenges to Proposition 14. This Court similarly agrees that Interveners satisfy the requirements for intervention pursuant to Federal Rule of Civil Procedure 24(a)(2). The Court therefore grants Interveners' Ex Parte Application for Order Granting Intervention.

      B.      Motion for Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (internal citations omitted). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138 L. Ed. 2d 162 (1997).

"[I]n considering a constitutional challenge to an election law, a court must weight 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments' against 'the precise interest put forward by the State as justification for the burden imposed by its rule.'" Nader v. Brewer, 531 F.3d 1028, 1034 (9th Cir. 2008) (quoting Anderson v. Celebrezze, 460 U.S. 780, 789, 103 S. Ct. 1564, 1570, 75 L. Ed. 2d 547 (1983)). In Burdick v. Takushi, 504 U.S. 428, 434, 112 S. Ct. 2059, 2063, 119 L. Ed. 2d 245 (1992), the Supreme Court clarified that the rigorousness of the inquiry "depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights." "[W]hen those rights are subjected to 'severe' restrictions, the regulation must be 'narrowly drawn to advance a state interest of compelling importance.'" Id. (quoting Norman v. Reed, 502 U.S. 279, 289, 112 S. Ct. 698, 705, 116 L. Ed. 2d 711 (1992). "But when a state election law provision imposes only 'reasonable, nondiscriminatory restrictions' upon the First and Fourteenth Amendment rights of voters, 'the State's important regulatory interests are generally sufficient to justify' the restrictions." Id., 112 S. Ct. at 2063-64 (quoting Anderson, 460 U.S. at 788, 103 S. Ct. at 1569-70).

Proposition 14 was modeled on a similar top two primary system adopted in Washington State. Prior to California's adoption of Proposition 14 in 2010, Washington's top two primary system was subjected to a facial challenge brought by certain political parties that had alleged that the top two system infringed their associational rights in violation of the First and Fourteenth Amendments. The Supreme Court rejected the facial challenge to Washington's top two system. See Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 128 S. Ct. 1184, 170 L. Ed. 2d 151 (2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–5547 PA (SPx) | Date | July 11, 2012 |
|---|---|---|---|
| Title | Elise Brown v. Debra Bowen | | |

Following the Supreme Court's rejection of the facial challenge to Washington's top two system, the Ninth Circuit recently upheld Washington's top two primary system against an as applied challenge. See Washington State Republican Party v. Washington State Grange, 672 F.3d 784 (9th Cir. 2012). A petition for writ of certiorari seeking review of the Ninth Circuit's decision to that challenge is currently pending in the Supreme Court.

Unlike the challenges to Washington's top two primary system and other challenges to Proposition 14,[1] which allege violations of the associational rights of the political parties themselves, Plaintiff appears to be alleging that California's top two primary system violates her personal associational rights to vote for a candidate from a political party of her choice in the general election. Plaintiff provides no citations to authority in support of her novel theory that she has a constitutional right to vote for a candidate from a party of her choice in a general election. Indeed, limitations on an individual candidate's access to the ballot are routinely upheld when those limitations are reasonable, nondiscriminatory, and further a state's important regulatory interests. Burdick, 504 U.S. at 434, 112 S. Ct. at 2063-64. Here, Plaintiff had an opportunity to vote for a candidate from the party of her choice in the primary election. The limitation she suffers by not being able to vote for the party of her choice in the general election is one that she shares with the voters of at least seven other congressional districts as well as those voters in a great number of other districts who might prefer to vote for a candidate from a minor party. Without relevant case law to support her assertion that such deprivations amount to a constitutional violation, the Court cannot conclude that Plaintiff is likely to succeed on the merits of her claim or that she has raised a serious question.

Plaintiff's arguments in support of her claim arising out of an alleged violation of section 2 of the Voting Rights Act similarly fails to meet the standard for issuance of a preliminary injunction. California obtained pre-clearance of Proposition 14 from the United States Department of Justice. Although pre-clearance does not prohibit subsequent suits, it does suggest that Plaintiff is not likely to prevail on her claim. Additionally, given the relatively small number of African American voters in the 8th Congressional District, the number of other districts in which the top two primary election candidates are from the same party, and that Plaintiff has shown no discernible evidence or pattern that the top two system denies or abridges the right to vote on account of race or color, the Court concludes that Plaintiff is not likely to succeed on the merits and that she has failed to raise a serious question that California's top two system violates the Voting Rights Act. Instead, at most, Plaintiff has established that she lives in a district in which Democrats were unable to coalesce around a single candidate to secure a spot in the general election. As the primary election results indicate, California has a greater number of districts in which Democrats won the top two positions. Moreover, Plaintiff does not allege that the district boundaries themselves violate the Voting Rights Act.

---

[1] See, e.g., Field v. Bowen, 199 Cal. App. 4th 346, 131 Cal. Rptr. 3d 721 (2011); Chamness v. Bowen, Case No. CV 11-1479 ODW (FFMx) (C.D. Cal. 2011); Rubin v. Bowen, Case No. RG11605301 (Alameda Super. Ct. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–5547 PA (SPx) | Date | July 11, 2012 |
|---|---|---|---|
| Title | Elise Brown v. Debra Bowen | | |

    The Court further concludes that Plaintiff has failed to establish sufficient irreparable harm, that the equities tip in her favor, or that the public interest favors an injunction. Rather, the issuance of an injunction would be contrary to the intent of the majority of California voters who voted in favor of Proposition 14. Additionally, the issuance of the injunction Plaintiff seeks would immeasurably complicate the Secretary of State's preparations for November's general election and disrupt the campaigns of candidates in at least eight congressional districts.

CONCLUSION

    For all of the foregoing reasons, the Court denies Plaintiff's Motion for Preliminary Injunction.

    IT IS SO ORDERED.