FILED
CLERK, U.S. DISTRICT COURT

JUL – 6 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  NIELSEN MERKSAMER
2     PARRINELLO GROSS & LEONI LLP
   MARGUERITE MARY LEONI (SBN 101696)
3  CHRISTOPHER E. SKINNELL (SBN 227093)
4  2350 Kerner Boulevard, Suite 250
   San Rafael, California 94901
5  TELEPHONE: (415) 389-6800
6  FACSIMILE:   (415) 388-6874
7  Email: mleoni@nmgovlaw.com
   Email: cskinnell@nmgovlaw.com
8

9  *Attorneys for Intervener-Defendants*
   INDEPENDENT VOTER PROJECT,
10 CALIFORNIANS TO DEFEND THE OPEN
11 PRIMARY, ABEL MALDONADO AND
   DAVID TAKASHIMA
12

13              IN THE UNITED STATES DISTRICT COURT

14              FOR THE CENTRAL DISTRICT OF CALIFORNIA

15

16 ELISE BROWN,                          ) Case No.: 12-cv-05547-PA-SPx
                                         )
17              *Plaintiff*,             ) ***EX PARTE* APPLICATION**
                                         ) **FOR ORDER GRANTING**
18      vs.                              ) **INTERVENTION BY**
                                         ) **INDEPENDENT VOTER**
19 DEBRA BOWEN, in her official capacity as ) **PROJECT, *et al.*, AS**
20 California Secretary of State,        ) **DEFENDANTS; POINTS &**
                                         ) **AUTHORITIES IN**
21              *Defendant*.             ) **SUPPORT THEREOF;**
                                         ) **[Proposed] ORDER**
22 _____     ) **GRANTING**
   INDEPENDENT VOTER PROJECT,            ) **INTERVENTION; AND**
23 CALIFORNIANS TO DEFEND THE            ) **DECLARATION OF**
24 OPEN PRIMARY, ABEL MALDONADO          ) **CHRISTOPH ER E.**
   AND DAVID TAKASHIMA,                  ) **SKINNELL**
25              *Intervener-Defendants*. )
26                                       )        BY FAX
                                         )
27                                       )
28                                       )

RECEIVED
BUT
NOT FILED

JUL – 6 2012

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## NOTICE OF EX PARTE APPLICATION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Proposed Interveners herein, CALIFORNIA INDEPENDENT VOTER PROJECT, DAVID TAKASHIMA, ABEL MALDONADO and CALIFORNIANS TO DEFEND THE OPEN PRIMARY, hereby seek an ex parte order granting them intervention in this action under Federal Rule of Civil Procedure 24, on shortened time.  Pursuant to Judge Anderson's Standing Order, "[t]he Court considers ex parte applications on the papers and does not usually set these matters for hearing. . . . The Courtroom Deputy Clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary." *See* Standing Order Regarding Newly Assigned Cases, p. 6, *available online at* http://www.cacd.uscourts.gov (last visited July 5, 2011).  Also pursuant to Judge Anderson's Standing Order, "Any opposition must be filed not later than 24 hours after service.  If counsel do not intend to oppose the ex parte application, counsel must inform the court clerk by telephone." *Id.*

This application to intervene meets the requirements for resolution on an *ex parte* basis: that "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "the moving party is without fault in creating the crisis that requires ex parte relief . . . ." *Mission Power Engineering Co. v. Cont'l Cas Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

An ex parte application is appropriate in this case in the interest of timeliness, because Plaintiff's pending motion for preliminary injunction, does not allow time for intervention by noticed motion in compliance with the timeline prescribed by Local Rule 6-1, followed by adequate time to brief the issues in opposition to issuance of a preliminary injunction.  Indeed, Proposed Interveners did not even learn of the pendency of this suit, or

Plaintiff's motion, until June 28, 2012.  That was too late to even notice an intervention motion to be heard concurrently with Plaintiff's motion, much less to have the question of intervention resolved sufficiently far in advance of Plaintiff's motion that it would not interfere with properly briefing the opposition.  Upon learning of the pendency of this action, and Plaintiff's motion for preliminary injunction, Proposed Interveners have moved expeditiously to bring this motion to the Court as soon as possible.

Proposed Interveners have been informed that the existing parties to this lawsuit have agreed, and the Court has ordered, that Defendants' opposition to the preliminary injunction motion is due on or before July 6, 2012, at 3:00 p.m.  Proposed Interveners have no wish to delay the proceedings on Plaintiff's motion, and therefore respectfully request that this application be considered and resolved in advance of that date so as not to prejudice Proposed Interveners' ability to prepare and file opposition to motion for preliminary injunction.

Alternatively, should the Court decline to resolve this application prior to the time to file an opposition, Proposed Interveners respectfully request that the Court permit Proposed Interveners to provisionally file papers in opposition to the pending motion for preliminary injunction on July 6 while the application to intervene is pending.

## **POSITION OF THE EXISTING PARTIES (Local Rule 7-19.1)**

As detailed more fully in the accompanying Declaration of Christopher E. Skinnell, the counsel for all existing parties have been informed, in writing, of Proposed Interveners' intention to file this application on this day. Counsel for Defendant Bowen have indicated that she do not oppose intervention.  Plaintiff opposes intervention, for the reasons set forth in the attached memorandum of points and authorities.

The contact information for Plaintiff's counsel, as reflected on the

pleadings filed by Plaintiff herein, is:

> Robert D. Conaway, Esq.
> LAW OFFICE OF ROBERT D. CONAWAY
> 222 East Main Street, Suite 212
> Mailing Address: PO Box 865
> Barstow, CA 92312-0865
> Telephone: 760.256.0603
> Fax: 760.256.0660
> Email: rdconaway@gmail.com

This application is based on the following documents: this ex parte application and the attached points and authorities; the Declaration of Christopher E. Skinnell, filed herewith; and all the other papers, documents, or exhibits on file or to be filed in this action, and the argument to be made at any hearing on the motion ordered by the Court.

Dated: July 5, 2012

NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP

By: _____

Christopher E. Skinnell
*Attorneys for Intervener-Defendants*
INDEPENDENT VOTER PROJECT,
CALIFORNIANS TO DEFEND THE
OPEN PRIMARY, ABEL MALDONADO
AND DAVID TAKASHIMA

## POINTS & AUTHORITIES SUPPORTING INTERVENTION

Christopher E. Skinnell, attorney for Proposed Interveners INDEPENDENT VOTER PROJECT ("IVP") and CALIFORNIANS TO DEFEND THE OPEN PRIMARY ("CADOP") (collectively "Proposed Interveners"), hereby applies on behalf of Proposed Interveners for an order granting leave to intervene in the above-entitled action as authorized by Federal Rule of Civil Procedure 19. This application is being made on the ground that Proposed Interveners meet the criteria for intervention of right under Federal Rule of Civil Procedure 19(a).

## II.   POSITION OF THE PARTIES.

Counsel for Proposed Interveners contacted the attorney for Plaintiff and counsel for the Secretary of State on July 2, 2012, to see if they would stipulate to intervention. *See* Declaration of Christopher Skinnell, filed herewith ("Skinnell Decl."), ¶¶ 3 & 4.

Counsel for the Secretary of State indicates that the Secretary is willing to stipulate. *See id.*, ¶ 8 and Exhibit 1.

Counsel for Plaintiff Elise Brown initially indicated his willingness to stipulate as well, so long as intervention would not interfere with the expedited resolution of the pending motion for preliminary injunction. Proposed Interveners agreed to abide by the briefing schedule already set forth by the Court in its July 2, 2012 minute order (Dkt. #8). Plaintiff's counsel asked that Interveners' counsel forward him a stipulation to review. Counsel for Proposed Interveners did so on the afternoon of July 2. *Id.* at ¶ 5.

On July 3, 2012, Plaintiff's counsel faxed comments to Interveners' counsel, in which he (1) objected to the inclusion of David Takashima and Abel Maldonado as interveners; (2) objected to the inclusion of specific language setting forth the standard for intervention within the stipulation; and (3) asked that the specific relief to be granted be incorporated into the

Proposed Order (which initially read, "IT IS SO ORDERED."). In response to Plaintiff's comments, Interveners: removed Mr. Maldonado and Mr. Takashima, only including IVP and CADOP in the stipulation; removed the language discussing the standard for intervention; and (3) incorporated the requested revisions to the Proposed Order. At the request of Defendant's counsel, interveners also revised the form of stipulation so that all text relating to Interveners' interests would be submitted above the signature of Interveners' counsel alone, and the existing parties' counsel would only be signing the actual stipulation itself. *Id*. at ¶¶ 6-7. The revised stipulation was sent to the counsel for both parties on July 3. *Id*. at ¶ 8.

Plaintiff's counsel did not respond to the revised stipulation on July 3, so on the morning of July 5 (following the holiday), counsel for Interveners contacted Plaintiff's counsel, Mr. Conaway. Mr. Conaway stated that he was out of the office but would respond by 2:00 p.m. Shortly after that time, Mr. Conaway sent a fax to Interveners' counsel, stating that he still objected to the inclusion in the stipulation of a reference to Federal Rule of Civil Procedure 19 and the citation of *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004), which sets forth the standard for intervention. Mr. Conaway further stated that in his view (1) intervention was now untimely, and (2) the Secretary of State could adequately represent Interveners' interests. *Id*. at ¶ 9 and Exhibit 2.

That same afternoon, Interveners' counsel informed the parties of Interveners' intention to promptly file this application. *Id*. at ¶ 10 and Exh. 3.

## II.  **INTERVENERS MEET THE STANDARD FOR INTERVENTION OF RIGHT AND HAVE BEEN GRANTED INTERVENTION IN THIS COURT TO DEFEND PROPOSITION 14 BEFORE.**

The Ninth Circuit has held that intervention of right is properly granted when the proposed interveners "'(1) has a significant protectable interest

relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.'" *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (quoting *United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002)).[1]

Regarding the first three of these criteria, IVP, CADOP and Mr. MALDONADO have previously been granted leave to intervene as defendants, along-side the Secretary of State, *in this very Court*, for the purpose of defending Proposition 14 against challenge. In *Chamness v. Bowen*, Case No. 11-cv-01479-ODW (FFMx) (C.D. Cal. filed Feb. 17, 2011),[2] Judge Otis D. Wright II held that intervention of right was warranted by the following interests, are applicable here as well:

> "CAIVP has committed substantial resources and effort toward advocating for the ability of DTS voters to participate in primary elections. That participation would be severely hampered if the Court grants Plaintiff's requested relief and enjoins Proposition 14. Therefore, the Court finds that CAIVP has a direct interest in this litigation and should be permitted to intervene."[3]

---

[1] "[A] district court is required to accept as true the non-conclusory allegations made in support of an intervention motion." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001).

[2] In *Chamness*, this district court (Hon. Otis D. Wright II, presiding) rejected an as-applied constitutional challenge to Proposition 14/SB 6 and granted judgment in favor of Defendant elections officials and Intervener-Defendants IVP, Mr. MALDONADO and CADOP. *Chamness v. Bowen*, 2011 U.S. Dist. LEXIS 94876 (C.D. Cal. Aug. 23, 2011). An appeal of that judgment is currently pending before the Ninth Circuit.

[3] Intervener INDEPENDENT VOTER PROJECT ("IVP") is a nonprofit corporation, founded to represent and advocate for the full engagement of non-partisan voters in California's electoral process. Proposition 14's Top Two Open Primary system has been a major reform project of Intervener IVP for several years on which it has expended considerable resources. It was "directly involved in drafting and sponsoring"—indeed, was the initial drafter—of the measure that

"Maldonado's interest in the pending litigation is two-fold. First, he has announced his candidacy for Congress in 2012 and consequently has a direct interest in determining whether he will run in Proposition 14's top-two candidate open primary, or under the pre-existing party primary system. Second, as an author and proponent of Proposition 14, he has an interest in protecting the legislation. Proposition 14 was one of the key achievements of Maldonado's tenure and thus a determination that it is unconstitutional could affect his reputation and his campaign. Hence, the Court finds that Maldonado has a direct interest in this litigation and should be permitted to intervene."[4]

"CADOP created Yes on 14-Californians for an Open Primary, which was formed primarily to support Proposition 14. CADOP stands to lose, among other things, its monetary investment if Plaintiff attains the relief he seeks. Accordingly, the Court finds that CADOP has a direct interest in this litigation and should be permitted to intervene."[5]

---

became Proposition 14, and the SB6 legislation. *Perry v. Brown*, 52 Cal. 4th 1116, 1143 (2011). It expended significant resources advocate for placement of the Top Two Open Primary before the voters. The Top Two Open Primary plan is a major accomplishment of IVP, and declaring it inoperative would severely harm IVP's advocacy for and programs for DTS voters, and detract for IVP's reputation as an effective advocate for DTS voters.

[4] Intervener ABEL MALDONADO is a registered California voter, the former Lieutenant Governor of the State of California, a former member of the California Senate, and the legislative author and sponsor of both SCA 4, a constitutional amendment that became Proposition 14, and SB 6. SCA4 was placed on the June 2010 ballot by SB3X19, one of a series of bills enacted by the Legislature and signed into law as part of 2009's budget package. Intervener MALDONADO is also a candidate for congressional office in November 2012. Mr. MALDONADO has broad political appeal across party lines and with independent "decline to state voters" (DTS voters) because of his major accomplishments for political reform, including authorship of Proposition 14, perhaps the most important legislative and electoral success of his government reform platform. Enjoining SB6 and declaring Proposition 14 unenforceable would diminish one of Intervener MALDONADO's most important legislative accomplishments, undermine his campaign on a reform platform for Congress centered around his Top Two Open Primary accomplishment.

[5] Intervener CALIFORNIANS TO DEFEND THE OPEN PRIMARY ("CADOP") is a California nonprofit corporation, formed before Proposition 14 was

1  Order GRANTING in Part and DENYING in Part Proposed Intervener-
2  Defendants' *Ex Parte* Application to Intervene, *Chamness v. Bowen*, Case No.
3  11-cv-01479-ODW (FFMx) (C.D. Cal.) (Dkt. # 43) (filed Mar. 1, 2011), pp. 3-4.

4      IVP, CADOP and Mr. MALDONADO have also intervened in two state
5  court actions to defend Proposition 14: *Field v. Bowen*, Case No. CGC-10-
6  502018 (San Francisco Super. Ct. filed July 28, 2010),[6] and *Rubin v. Bowen*,
7  Case No. RG11605301 (Alameda Super. Ct. filed Nov. 21, 2011).[7]

8      Among other things, the interests of IVP, CADOP and Mr. Maldonado
9  as authors and sponsors of Proposition 14 are the types of interests that have
10  been held by the Ninth Circuit and the California Supreme Court to warrant
11  intervention, in *Perry v. Brown*, 671 F.3d 1052, 1070-75 (9th Cir. 2012), and
12  *Perry v. Brown*, 51 Cal. 4th 1116 (2011), respectively.

13

---

14  passed by California's voters. Its sole purpose was and is to educate the public
15  about, and to advocate for, open, nonpartisan primary elections in California,
16  allowing voters to cross party lines in elections for Legislature, statewide elected
   officials and congressional districts, and to defend Proposition 14 in litigation. As
17  part of its mission (and to comply with California's Political Reform Act, *see* Cal.
18  Gov't Code § 81000 *et seq.*), CADOP created and administered a political
   committee, Yes on 14—Californians For An Open Primary, that successfully
19  advocated for the adoption of Proposition 14 by California voters, expending $4.75
20  million in the process. The Yes on 14 committee was the only political committee
   formed in support of Proposition 14.  Because the political parties and their
21  leadership almost universally opposed Proposition 14, CADOP's advocacy was
22  crucial to the passage of the measure at the June 8, 2010 election.  CADOP has
   previously been granted leave to intervene in pre-election litigation challenging the
23  ballot title and summary and ballot label for Proposition 14.
24    [6] In an appeal in *Field* (in which IVP, Mr. MALDONADO and CADOP
   participated as parties), the California Court of Appeal recently rejected a facial
25  challenge to Proposition 14 and its implementing legislation, SB 6. *Field v. Bowen*,
26  199 Cal. App. 4th 346 (1st Dist. Sept. 19, 2011).  These Interveners have since
   obtained a judgment in their favor in *Field*, and the time to appeal has passed.
27    [7] In *Rubin*, the Secretary's and Interveners' motion to dismiss the complaint
   was granted in March 2012. An amended complaint was filed in May 2012, and the
28  Secretary and Interveners have filed demurrers to that amended complaint, which
   are currently pending.

---

1   DAVID TAKASHIMA, a member of the Board of Directors of IVP and a
2   registered DTS voter, is also a proposed intervener who, but for Proposition
3   14, would not have the right to vote in primary elections.  Proposition 14
4   granted DTS voters new constitutional and statutory rights to participate in
5   primary elections—where the ultimate winner in the elections is often
6   decided—that they did not have under the pre-existing system.  *See* Order
7   GRANTING in Part and DENYING in Part Proposed Intervener-Defendants'
8   *Ex Parte* Application to Intervene, *Chamness v. Bowen*, Case No. 11-cv-
9   01479-ODW (FFMx) (C.D. Cal.) (Dkt. # 43) (filed Mar. 1, 2011), pp. 2 and 4.
10  Though Mr. TAKASHIMA was denied intervention in *Chamness* (on the
11  ground that his interests were represented by IVP, *see id.*), he was
12  subsequently *granted* leave to intervene in *Rubin v. Bowen*.  He does not
13  propose to file pleadings beyond those filed by the other Interveners, and his
14  inclusion will therefore not increase in any way the burdens on this Court.

15      **A.    This Motion Is Timely.**

16      In determining whether a motion is "timely," a court generally evaluates
17  three factors: (1) the stage of the proceedings, (2) prejudice to existing parties,
18  and (3) the length of, and reason for, any delay in seeking to intervene.
19  *California Dep't of Toxic Substances Control v. Commercial Realty Projects,*
20  *Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002).  Courts assess these criteria, and the
21  issue of timeliness, especially "leniently" when intervention is sought of right,
22  because of the "likelihood" of "serious harm."  *United States v. Or.*, 745 F.2d
23  550, 552 (9th Cir. 1984) (overturning denial of State of Idaho's motion to
24  intervene as untimely).

25      The first criterion—stage of the proceedings—cuts in favor of
26  intervention, as no significant proceedings have yet taken place.  The
27  complaint has been filed, along with a motion for preliminary injunction.  No
28  responses have been filed, and the Court has taken no action other than to set

a briefing schedule on the motion.  *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (a motion to intervene was timely when it filed after the plaintiff moved for a preliminary injunction, but before that motion was heard, where the preliminary injunction motion was filed "at a very early stage, before any hearings or rulings on substantive matters.").

The second criterion—prejudice to existing parties—also favors intervention.  Though Plaintiff seeks expedited review of her motion for preliminary injunction, and the Court has set an expedited briefing schedule, Proposed Interveners will comply with the Court's briefing schedule and will file any papers opposing that motion by the same deadline currently applicable to the Secretary of State (Friday, July 6, by 3:00 p.m.).

And finally, in addressing the third prong of timeliness—length and reason for delay—the courts consider the length and reason for delay from the time the movant "knows or has reason to know that his interests might be adversely affected by the outcome of the litigation.'"  *Cal. Dep't of Toxic Substances Control*, 309 F.3d at 1120 (quoting *United States v. State of Oregon*, 913 F.2d 576, 589 (9th Cir. 1990)).  Proposed Interveners did not learn of this suit's pendency until Thursday, June 28, 2012.  Upon learning of the existence of this action, and the pending motion for preliminary injunction, counsel for Proposed Interveners consulted with his clients and then contacted the other parties' counsel the following Monday—only two court days after learning of the lawsuit—to seek intervention on a cooperative basis.  It appeared that a stipulation would be granted, and the need to file a motion avoided, until Mr. Conaway informed Proposed Interveners otherwise on the afternoon of July 5, 2012 (only four court days after Interveners learned of the action).  This motion was filed within 24 hours of Proposed Interveners' discovery that a stipulation would be denied.  ///

## B. Proposed Interveners' Interest in Proposition 14, its Approval by the Voters and its Implementation as Law Are Unique and Cannot be Adequately Represented by Existing Parties.

Regarding Plaintiff's contention that the Secretary of State/Attorney General will adequately represent Interveners' interest, the Ninth Circuit has held: "In assessing whether a present party will adequately represent an intervenor-applicant's interests, [courts must] 'consider several factors, including whether [a present party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected.' [Citation.] *The burden of showing inadequacy of representation is minimal and 'is satisfied if the applicant shows that representation of its interests "may be" inadequate . . . .'" Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (quoting *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (emphasis added)).

The California Supreme Court has held in *Perry v. Brown,* 52 Cal. 4th 1116 (2011):

> Allowing official proponents to assert the state's interest in the validity of the initiative measure in such litigation (along with any public officials who may also be defending the measure) (1) assures voters who supported the measure and enacted it into law that any residual hostility or indifference of current public officials to the substance of the initiative measure will not prevent a full and robust defense of the measure to be mounted in court on the people's behalf, and (2) ensures a court faced with the responsibility of reviewing and resolving a legal challenge to an initiative measure that it is aware of and addresses the full range of legal arguments that reasonably may be proffered in the measure's defense. In this manner, the official proponents' general ability to appear and defend the state's interest in the validity of the initiative measure and to appeal a lower court judgment invalidating the measure serves to enhance both the fairness of the judicial process and the appearance of fairness of

that process.

52 Cal. 4th at 1125-26.  The Ninth Circuit essentially adopted the California Supreme Court's *Perry* opinion in its own, *Perry v. Brown*, 671 F.3d at 1064 and 1070-75 (holding proponents of Proposition 8 had standing to appeal district court decision).[8]

## IV.   **CONCLUSION.**

The application for intervention should be granted.

Dated: July 5, 2012

NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP

By: _____

Christopher E. Skinnell
*Attorneys for Intervener-Defendants*
INDEPENDENT VOTER PROJECT,
CALIFORNIANS TO DEFEND THE
OPEN PRIMARY, ABEL MALDONADO
AND DAVID TAKASHIMA

---

[8] This is not meant to disparage the capabilities of the Attorney General's office, but is simply a recognition that the Secretary and Proposed Interveners have different interests.

## **[Proposed] ORDER**

IVP and CADOP are hereby granted leave to intervene in this action.

These Interveners have agreed to, and shall, abide by the briefing schedule already set forth by the Court in its July 2, 2012 minute order (Dkt. #8), meaning that any opposition they wish to file to Plaintiff's motion for preliminary injunction must be filed by 3:00 p.m. on Friday, July 3, 2012.

Interveners' response to the complaint shall be filed at the same time that any opposition to Plaintiffs' complaint is due to be filed by Defendant Secretary as provided by the Federal Rules of Civil Procedure and this Court's local rules.

Dated: July \_\_\_\_, 2012      _____

                Hon. Percy Anderson
                United States District Judge

## DECLARATION OF CHRISTOPHER E. SKINNELL
## IN SUPPORT OF APPLICATION TO INTERVENE

I, CHRISTOPHER E. SKINNELL, declare under penalty of perjury:

1.     I am over 18 years of age.  I make this declaration of my personal knowledge.

2.     I am one of the attorneys of record for Interveners in *Field v. Bowen*, S.F. Superior Court Case No. CGC-10-502108 & California Court of Appeal, First Appellate District, Case No. A129946; in *Chamness v. Bowen*, Case No. 11-cv-01479-ODW (FFMx) (C.D. Cal.); and in *Rubin v. Bowen*, Case No. RG11605301 (Alameda Superior Court).  I am also one of the attorneys for Proposed Interveners in this case, Independent Voter Project ("IVP"), Californians to Defend the Open Primary ("CADOP"), Abel Maldonado, and David Takashima.

3.     I learned about the filing of this action on Thursday, June 28, 2012.  I notified my clients and proceeded to research a number of procedural issues concerning federal intervention.  On Friday, Monday, July 2, 2012, I phoned George Waters in the office of the California Secretary of State to ask whether his client, Defendant Secretary of State Bowen, would stipulate to my clients' intervention.  Mr. Waters stated that he would get back to me.

4.     On that same day, Monday, July 2, 2012, I telephoned Plaintiff's attorney at the phone number reflected on the caption page of his pleadings, to see if Plaintiff would stipulate to intervention.

5.     Robert Conaway, counsel for Plaintiff Elise Brown, initially indicated his willingness to stipulate to intervention, so long as intervention would not interfere with the expedited resolution of the pending motion for preliminary injunction.  Proposed Interveners agreed to abide by the briefing schedule already set forth by the Court in its July 2, 2012 minute order (Dkt. #8).   Plaintiff's counsel asked that Interveners' counsel forward him a

stipulation to review.   Counsel for Proposed Interveners sent a draft resolution to counsel for both parties on the afternoon of July 2.

6.   On July 3, 2012, Plaintiff's counsel faxed comments to Interveners' counsel, in which he (1) objected to the inclusion of David Takashima and Abel Maldonado as interveners; (2) objected to the inclusion of specific language setting forth the standard for intervention within the stipulation; and (3) asked that the specific relief to be granted be incorporated into the Proposed Order (which initially read, "IT IS SO ORDERED.").

7.   In response to Plaintiff's comments, Interveners: (1) removed Mr. Maldonado and Mr. Takashima, only including IVP and CADOP as Interveners in the stipulation; (2) removed the language discussing the standard for intervention; and (3) incorporated the requested revisions to the Proposed Order.   At the request of the Secretary's counsel, Interveners also revised the form of stipulation so that all text relating to Interveners' interests would be submitted above the signature of Interveners' counsel alone, and the existing parties' counsel would only be signing the actual stipulation itself.

8.   I sent the revised stipulation to the counsel for both parties on July 3, 2012.   Counsel for the Secretary of State responded that same day, stating that the Secretary would sign the stipulation.  *See* Exhibit 1 hereto.

9.   Plaintiff's counsel did not respond to the revised stipulation on July 3, so on the morning of July 5 (following the holiday), I contacted Plaintiff's counsel, Mr. Conaway by telephone and by e-mail.   Mr. Conaway stated that he was out of the office but would respond by 2:00 p.m.   Shortly after the appointed time, Mr. Conaway sent me a fax, stating that he still objected to the inclusion in the stipulation of a reference to the Federal Rules of Civil Procedure and the citation of *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004), which sets forth the standard for intervention. Mr. Conaway further stated that in his view (1) intervention was now

untimely, and (2) the Secretary of State could adequately represent Interveners' interests. *See* Exhibit 2 hereto

10.   At 4:28 p.m. on July 5, 2012, I sent Mr. Conaway and Mr. Waters an e-mail, informing them of my intention to file this ex parte application as soon as possible, most likely on the morning of July 6, 2012. *See* Exhibit 3 hereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my personal knowledge, and, if called as a witness, I could testify competently thereto, except for those matters stated on information and belief and as to those matters, I believe them to be true.

Executed this 5th day of July 2012 in San Rafael, California.

_____

CHRISTOPHER E. SKINNELL

**Exhibit 1**

**Christopher Skinnell**

| | |
|---|---|
| From: | George Waters [George.Waters@doj.ca.gov] |
| Sent: | Tuesday, July 03, 2012 12:22 PM |
| To: | rdconaway@gmail.com; Christopher Skinnell |
| Cc: | Marguerite Leoni |
| Subject: | RE: Stipulation to Intervention, Brown v. Bowen |

Counsel for the Secretary of State will sign this stipulation.

George Waters

>>> Christopher Skinnell <CSkinnell@nmgovlaw.com> 7/3/2012 11:20 AM >>>
Gentlemen,

Per Mr. Waters� request, I have reordered the stipulation so that the text relating to Interveners� interests is submitted above my signature alone, and each of you are only signing the actual stipulation itself.

Substantively, it remains unchanged from the version I previously sent, incorporating Mr. Conaway�s previous comments.

Please let me know if you have any other comments or questions.

Best regards,

Chris

From: Christopher Skinnell
Sent: Tuesday, July 03, 2012 10:46 AM
To: 'George Waters'; 'rdconaway@gmail.com'
Cc: Marguerite Leoni
Subject: RE: Stipulation to Intervention, Brown v. Bowen

Dear Mr. Conaway,

I received your fax this morning, in which you provided comments on the proposed stipulation, specifically (1) objecting the inclusion of Abel Maldonado and David Takashima, (2) taking issue with the language on p. 1, lines 11-14 setting out the standard for intervention, and (3) asking that the proposed order state the proposed relief in detail.

Regarding the first, I included Messrs. Maldonado and Takashima because they have been part of the litigation group in our other actions, and their inclusion would not have made any difference in terms of what we file�they would really just be additional names on the pleadings.  However, in the interests of expediting this stipulation I have removed them and included only IVP and CADOP.

1

I have removed the language on p. 1, lines 11-14, and merely cited the *Chamness* case for the generic principle that these parties meet the standard for intervention, without elaboration.

And regarding the third I have incorporated the specific terms of the stipulation into the proposed order.

Please have a look and see if the attached addresses your concerns.

Best regards,

Chris Skinnell

**Christopher Skinnell, Attorney at Law**
NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP
2350 Kerner Boulevard, Suite 250
San Rafael, California 94901
t: 415.389.6800 ? f: 415.388.6874
www.nmgovlaw.com

_____

NOTICE TO RECIPIENT:  THIS E-MAIL, INCLUDING ANY ATTACHED FILES, IS CONFIDENTIAL AND IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.  THANK YOU IN ADVANCE FOR YOUR COOPERATION.

---

**From:** Christopher Skinnell
**Sent:** Monday, July 02, 2012 6:07 PM
**To:** 'George Waters'; 'rdconaway@gmail.com'
**Cc:** Marguerite Leoni
**Subject:** Stipulation to Intervention, Brown v. Bowen

Gentlemen,

Per my conversation with each of you earlier today, I am attaching a proposed stipulation for intervention by my clients, for your consideration.  Please let me know at your earliest opportunity whether you have any comments, questions, etc..

If you are agreeable to the stipulation as drafted, would you please sign it and scan/fax it back to me? I will then take care of getting it on file.

Best regards,
Chris Skinnell

**Christopher Skinnell, Attorney at Law**
NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP

2

2350 Kerner Boulevard, Suite 250
San Rafael, California 94901
t: 415.389.6800 ? f: 415.388.6874
www.nmgovlaw.com

**NOTICE TO RECIPIENT:** THIS E-MAIL, INCLUDING ANY ATTACHED FILES, IS CONFIDENTIAL AND IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**Exhibit 2**

# LAW OFFICE of ROBERT D. CONAWAY

**222 East Main Street, Suite 212**
**Post Office Box 865**
**Barstow CA 92312-0865**
**Phone: 760-256-0603   Fax: 760-256-0660**

## FAX COVER MEMO [REVISED]
### Revision underlined.

**Date:**   July 6, 2012

**To:**   MERKSAMER, et NIELSEN  al

         **Attention: CHRISTOPHER E. SKINNELL   FACSIMILE: (415) 388-6874**

**Re:**   Voting Rights Act complaint & Preliminary Injunction [Brown v Bowen]

**From:**  Robert D. Conaway

**Total pages including cover: two (2)**

---

**Dear Mr. Skinnel:**

**I received your amended proposed stip. Since I will not stip to case authority cited in your revised stip as applicable in this case, case authority I crossed off the initial proposed draft stip (starting at line 12 with United States v Alisal Water in the revised stip and you reappear it at line 12 of the revised proposed stip), I do not believe the proposed intervention is timely _and I would suggest Kamala Harris's office is fully capable_ of doing her statutory duty in defending Prop 14, your proposed language, which backdoors those two statements, I still will not stipulate to.**

**ROBERT D. CONAWAY**

_WARNING:_ THIS COMMUNICATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED & MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL  AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAWS. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE SENDER  BY PHONE ASAP.

## I.    APPLICATION FOR AN ORDER GRANTING INTERVENTION.

Christopher E. Skinnell, attorney for Proposed Interveners INDEPENDENT VOTER PROJECT ("IVP") and CALIFORNIANS TO DEFEND THE OPEN PRIMARY ("CADOP") (collectively "Proposed Interveners"), hereby applies on behalf of Proposed Interveners for an order granting leave to intervene in the above-entitled action as authorized by Federal Rule of Civil Procedure 19. This application is being made on the ground that Proposed Interveners meet the criteria for intervention of right under Federal Rule of Civil Procedure 19(a). *See* Order GRANTING in Part and DENYING in Part Proposed Intervener-Defendants' *Ex Parte* Application to Intervene, *Charnness v. Bowen*, Case No. 11-cv-01479-ODW (FFMx) (C.D. Cal.) (Dkt. # 43) (filed Mar. 1, 2011) (granting intervention to IVP and CADOP for purpose of defending Proposition 14); *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)).

## II.    STIPULATION OF THE PARTIES.

Plaintiff ELISE BROWN and Defendant DEBRA BOWEN, by and through their counsel, hereby stipulate that the Court may enter an order granting the intervention of IVP and CADOP.

Proposed Interveners do not seek to interfere with the expedited resolution of the pending motion for preliminary injunction, and agree to abide by the briefing schedule already set forth by the Court in its July 2, 2012 minute order (Dkt. #8). The existing parties' agreement to this stipulation is conditioned on Proposed Interveners' agreement to abide by that schedule.

Proposed Interveners' response to the complaint shall be filed at the same time that any opposition to Plaintiffs' complaint is due to be filed by Defendant Secretary as provided by the Federal Rules of Civil Procedure and this Court's local rules.

///

# LAW OFFICE of ROBERT D. CONAWAY

**222 East Main Street, Suite 212**
**Post Office Box 865**
**Barstow CA 92312-0865**
**Phone: 760-256-0603   Fax: 760-256-0660**

## FAX COVER MEMO

**Date:   July 5, 2012**

**To:   MERKSAMER, et NIELSEN  al**

   **Attention: CHRISTOPHER E. SKINNELL   FACSIMILE: (415) 388-6874**

**Re:   Voting Rights Act complaint & Preliminary Injunction [Brown v Bowen]**

**From:   Robert D. Conaway**

**Total pages including cover: two (2)**

---

**Dear Mr. Skinnel:**

**I received your amended proposed stip.  Since I will not stip to case authority cited in your revised stip as applicable in this case, case authority I crossed off the initial proposed draft stip (starting at line 12 with United States v Alisal Water in the revised stip and you reappear it at line 12 of the revised proposed stip), I do not believe the proposed intervention is timely and I would suggest Kamala Harris's office is less than fully capable of doing her statutory duty in defending Prop 14, your proposed language, which backdoors those two statements, I still will not stipulate to.**

**ROBERT D. CONAWAY**

*WARNING:* **THIS COMMUNICATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED & MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL  AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAWS. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE SENDER  BY PHONE ASAP.**

**I.      APPLICATION FOR AN ORDER GRANTING INTERVENTION.**

Christopher E. Skinnell, attorney for Proposed Interveners INDEPENDENT VOTER PROJECT ("IVP") and CALIFORNIANS TO DEFEND THE OPEN PRIMARY ("CADOP") (collectively "Proposed Interveners"), hereby applies on behalf of Proposed Interveners for an order granting leave to intervene in the above-entitled action as authorized by Federal Rule of Civil Procedure 19. This application is being made on the ground that Proposed Interveners meet the criteria for intervention of right under Federal Rule of Civil Procedure 19(a). *See* Order GRANTING in Part and DENYING in Part Proposed Intervener-Defendants' *Ex Parte* Application to Intervene, *Chamness v. Bowen*, Case No. 11-cv-01479-ODW (FFMx) (C.D. Cal.) (Dkt. # 43) (filed Mar. 1, 2011) (granting intervention to IVP and CADOP for purpose of defending Proposition 14); *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)).

**II.     STIPULATION OF THE PARTIES.**

Plaintiff ELISE BROWN and Defendant DEBRA BOWEN, by and through their counsel, hereby stipulate that the Court may enter an order granting the intervention of IVP and CADOP.

Proposed Interveners do not seek to interfere with the expedited resolution of the pending motion for preliminary injunction, and agree to abide by the briefing schedule already set forth by the Court in its July 2, 2012 minute order (Dkt. #8). The existing parties' agreement to this stipulation is conditioned on Proposed Interveners' agreement to abide by that schedule.

Proposed Interveners' response to the complaint shall be filed at the same time that any opposition to Plaintiffs' complaint is due to be filed by Defendant Secretary as provided by the Federal Rules of Civil Procedure and this Court's local rules.

///

STIPULATION OF THE PARTIES TO INTERVENTION                    CASE NO. RG11605301
BY INDEPENDENT VOTER NETWORK, *et al*.                                              Page 1

**Exhibit 3**

**Christopher Skinnell**

| | |
|---|---|
| **From:** | Christopher Skinnell |
| **Sent:** | Thursday, July 05, 2012 4:28 PM |
| **To:** | 'George Waters'; rdconaway@gmail.com |
| **Cc:** | Marguerite Leoni |
| **Subject:** | RE: Stipulation to Intervention, Brown v. Bowen |

Mr. Conaway,

I am in receipt of your fax stating that you now object to our intervention as "untimely." Please be advised that we plan to file an ex parte motion for intervention first thing tomorrow morning.

Chris Skinnell

---

**From:** George Waters [mailto:George.Waters@doj.ca.gov]
**Sent:** Tuesday, July 03, 2012 12:22 PM
**To:** rdconaway@gmail.com; Christopher Skinnell
**Cc:** Marguerite Leoni
**Subject:** RE: Stipulation to Intervention, Brown v. Bowen

Counsel for the Secretary of State will sign this stipulation.

George Waters

>>> Christopher Skinnell <CSkinnell@nmgovlaw.com> 7/3/2012 11:20 AM >>>
Gentlemen,

Per Mr. Waters� request, I have reordered the stipulation so that the text relating to Interveners� interests is submitted above my signature alone, and each of you are only signing the actual stipulation itself.

Substantively, it remains unchanged from the version I previously sent, incorporating Mr. Conaway�s previous comments.

Please let me know if you have any other comments or questions.

Best regards,

Chris

---

**From:** Christopher Skinnell
**Sent:** Tuesday, July 03, 2012 10:46 AM
**To:** 'George Waters'; 'rdconaway@gmail.com'
**Cc:** Marguerite Leoni
**Subject:** RE: Stipulation to Intervention, Brown v. Bowen

Dear Mr. Conaway,

1

I received your fax this morning, in which you provided comments on the proposed stipulation, specifically (1) objecting the inclusion of Abel Maldonado and David Takashima, (2) taking issue with the language on p. 1, lines 11-14 setting out the standard for intervention, and (3) asking that the proposed order state the proposed relief in detail.

Regarding the first, I included Messrs. Maldonado and Takashima because they have been part of the litigation group in our other actions, and their inclusion would not have made any difference in terms of what we file�they would really just be additional names on the pleadings. However, in the interests of expediting this stipulation I have removed them and included only IVP and CADOP.

I have removed the language on p. 1, lines 11-14, and merely cited the *Chamness* case for the generic principle that these parties meet the standard for intervention, without elaboration.

And regarding the third I have incorporated the specific terms of the stipulation into the proposed order.

Please have a look and see if the attached addresses your concerns.

Best regards,

Chris Skinnell

**Christopher Skinnell, Attorney at Law**
NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP
2350 Kerner Boulevard, Suite 250
San Rafael, California 94901
t: 415.389.6800 ? f: 415.388.6874
www.nmgovlaw.com

**NOTICE TO RECIPIENT:** THIS E-MAIL, INCLUDING ANY ATTACHED FILES, IS CONFIDENTIAL AND IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

---

**From:** Christopher Skinnell
**Sent:** Monday, July 02, 2012 6:07 PM
**To:** 'George Waters'; 'rdconaway@gmail.com'
**Cc:** Marguerite Leoni
**Subject:** Stipulation to Intervention, Brown v. Bowen

Gentlemen,

Per my conversation with each of you earlier today, I am attaching a proposed stipulation for intervention by my clients, for your consideration.  Please let me know at your earliest opportunity whether you have any comments, questions, etc..

If you are agreeable to the stipulation as drafted, would you please sign it and scan/fax it back to me?  I will then take care of getting it on file.

Best regards,
Chris Skinnell

**Christopher Skinnell, Attorney at Law**
NIELSEN MERKSAMER
PARRINELLO GROSS & LEONI LLP
2350 Kerner Boulevard, Suite 250
San Rafael, California 94901
t: 415.389.6800 ? f: 415.388.6874
www.nmgovlaw.com

_____

NOTICE TO RECIPIENT: THIS E-MAIL, INCLUDING ANY ATTACHED FILES, IS CONFIDENTIAL AND IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.  THANK YOU IN ADVANCE FOR YOUR COOPERATION.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

## **PROOF OF SERVICE**

I am employed in the County of Marin, State of California. I am over the age of 18 and not a party to the within cause of action. My business address is, 2350 Kerner Boulevard, Suite 250, San Rafael, California 94901.

On July 5, 2012, I caused the foregoing document described as *EX PARTE* **APPLICATION FOR ORDER GRANTING INTERVENTION BY INDEPENDENT VOTER PROJECT, *et al.*, AS DEFENDANTS; POINTS & AUTHORITIES IN SUPPORT THEREOF; [Proposed] ORDER GRANTING INTERVENTION; AND DECLARATION OF CHRISTOPH ER E. SKINNELL** to be served on the individuals listed below as follows:

| Robert D. Conaway, Esq. | George Waters, Esq. |
|---|---|
| Law Office of Robert D. Conaway | Deputy Attorney General |
| 222 E. Main Street, Suite 212 | Office of the Attorney General |
| Mailing Address: P.O. Box 865 | 1300 I St., Suite 125 |
| Barstow, CA 923120865 | Sacramento, CA 94244-2550 |
| Ph: (760) 256-0603 | Ph: (916) 323-8050 |
| Email: rdconaway@gmail.com | Email: George.Waters@doj.ca.gov |
| (Attorney for Plaintiff) | (Attorney for Defendant Bowen) |

__x__ **BY FEDERAL EXPRESS:** By following ordinary business practices and placing for pickup by FEDERAL EXPRESS at 2350 Kerner Blvd., Suite 250, San Rafael, California 94901, copies of the above documents in an envelope or package designated by FEDERAL EXPRESS with delivery fees paid or provided for.

__x__ **BY ELECTRONIC SERVICE:** By transmitting by email to the above party(ies) at the above email addresses.

Executed in San Rafael, California on July 5, 2012. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

_____
Paula A. Scott