Jul 31 2012 13:43     LAWOFFICEOFRDCONAWAY        760 256-0660        p.2

1 | Robert D. Conaway Bar No #119657
2 | LAW OFFICE of ROBERT D. CONAWAY
   | 222 East Main Street, Suite 212
3 | Mailing address: PO Box 865
   | Barstow, CA 92312-0865
4 | Phone: (760) 256-0603
   | Fax: (760) 256-0660
5 | rdconaway@gmail.com

6 | Attorney for ELISE BROWN, Plaintiff

7 |         IN THE UNITED STATES DISTRICT COURT

8 |        FOR THE CENTRAL DISTRICT OF CALIFORNIA

9 |

10 | ELISE BROWN,                        CASE No. CV 12-05547 PA (SPx)

11 |               Plaintiff,            Judge: Hon. Percy Anderson

12 |                                     FIRST AMENDED COMPLAINT FOR
13 | v.                                  DECLARATORY & OTHER
    |                                    EQUITABLE RELIEF
14 | DEBRA BOWEN, California
15 | Secretary of State                 [1st, 14th, 15th Amendments to United
    |                                    States Constitution; Article IV Sec. 2,
16 |               Defendant.            Clause 1 of the USCA, 42 USC 1983;
    |                                    Section 2 of the Voting Rights Act, 42
17 |                                     USC 1973 et seq]

18 |

19 |        I. THE NATURE OF THE CASE & JURISDICTION

20 |      1. This is an action that seeks to have declared unconstitutional

21 | California's Proposition 14 entitled the "Top Two Primaries Act" which took
22 |

23 | effect April 19, 2011 [that modified Article II, Section 5 of the California

24 | Constitution and Section 6 of Article II of the California Constitution] (hereafter
25 |

26 | "Prop 14"), as abridges any rights protected under First, Fourteenth and Fifteenth

27 | Amendments of the Constitution of the United States, Article IV Section 2 Clause

28 |

113M529480346.UI - 7/31/2012 1:53:51 PM

1 of the United States Constitution as enforceable by and through 42 USC 1983 and any and all other such enabling law, including but not limited to Section 2 of the Voting Rights Act of 1965 ("VRA") , as amended in 1982 or more commonly known of as 42 U.S.C. 1973 .

2. The plaintiff had sought preliminary injunctive relief in the initially filed action and for purposes of the record, plaintiff continues to seek that equitable relief at the appropriate future time so to minimize constitutional injury.

3. Plaintiff respectfully asks the court to decide if:

(a) Prop 14 is an state action that relates to the federal electoral process 42 U.S.C. § 1973aa-1a(c);

(b) Implicit in the granting of the franchise, is the right to cast an effective ballot as was stated in Senate Report No. 94-295 (1975), at p. 32 [commenting on the Voting Rights Act].

(c)Prop 14 creates an impermissible prior restraint on plaintiff's and all other similarly situated African American voters' associational rights given the modern historical partisan leaning of African American voters to overwhelmingly vote for candidates in the democratic party in federal general elections;

(d) Prop 14 is and or creates a standard, practice, or procedure that adversely affects the right to vote given the modern historical partisan leaning of African American voters to vote for candidates in the democratic party under the Voting Rights Act, Section

1    2 in federal general elections;

2
3        (e) Prop 14 has an unlawful discriminatory effect on, based on the totality of
4    circumstances, due to the state's redistricting strategy that buries African American
5    voting strength by putting them in a district where the non-democratic vote is given a near
6    30% advantage;
7
8        (f) Prop 14 creates for African Americans in districts where there is no democratic
9    in the general election running for Congress, less opportunity than other members of the
10   electorate to effectively and meaningfully participate in the political process and to elect
11
     representatives of their choice;
12

13       (g) If given the modern historical partisan leaning of African American
14   voters to candidates in the democratic party, if primary contests under Prop 14 that
15
16   result in no democrat left to stand for election in the federal general election, is an
17   unlawful abridgment of plaintiff's "natural right" privilege of her federal
18
19   citizenship under Article 1V Section 2 Article 1 of the United States Constitution
20   and Clause 1 of the 14th Amendment, one of them being the right to vote in a
21   federal election for a party representative of their choice, a right held by plaintiff
22
23   as a federal citizen;

24       (h) Whether not having a democrat in the general election for African
25   Americans interferes with the sound public policy encouraging debate on
26
27   public issues that is uninhibited, robust, and wide-open;

28

(i)Whether the 15th Amendment right of citizens of the United States to vote is abridged by California's Prop 14 because of its voter dilution of African American's effective and meaningful voting rights;

(j) The retained right to vote in a federal general election for a democrat, a practice that has existed all of Plaintiff's adult life and since the first election after California was admitted to the Union, is a substantive due process right that is entitled to protection.

4.  This action would have not been ripe for adjudication until such time the election results were in and the resulting injury to the rights of African Americans to participate in the general election in races where no democrat emerged from the Prop 14 Primary, such as was the case with plaintiff's home district, the 8th Congressional District.

## II. PARTIES

5.  Plaintiff Elise Brown is an African American adult citizen, a long time member of the California Democratic Party, the San Bernardino County Democratic Central Committee by election, the California State Democratic Party's Central Committee, an officer of the Adelanto-Victorville Democratic Club and proceeds in her own behalf and of those person similarly situated.

6.  Plaintiff desires to effectively and meaningfully participate in the electoral and political process for the House of Representatives and to have her

and all those similarly situated persons' votes counted on an equal basis with white citizens of San Bernardino County by being able to vote for a Democratic candidate in the general election.

7. Defendant Secretary of State, Deborah Bowen is sued in her official capacity only to the extent of her issuing a certificate of nomination for Congressional races pursuant to State Election Code Section 8147 pursuant to the Top 2 Primary law. As Bowen is the Chief Election Officer of the State of California and has responsibility for the general supervision and administration of the election laws, plaintiff alleged Bowen and all future secretaries of state are responsible to obtain and maintain uniformity in the application and administration of the election laws and issue a certificates of nomination for congress for each of the top voters for each party, and not just the top two vote count candidates.

8. At all relevant times set out herein, defendant was and have been acting under color of the statutes, ordinances, regulations, customs and usages of the State of California.

## III. FACTS

9. Plaintiff as a democrat and an African American voter represents a group that predominately votes for Democrats for federal offices in primary and general elections and the election performance numbers bears that disparity out. Since

1964 when African Americans voted democratic 82% of the time, 92% of the time in 1968 and with the exception of 1972, 1984 and the 1992 elections, African Americans would continue to give at least 80% of African American's collective votes to Democrats.

10. The 8th Congressional Districts break down as 8% African American, 35% Hispanic, 50% White.

11. California's Prop 14 effectively deprives African American voters of the right to vote in that:

(a) Prohibits political parties which historically align with African American voters from nominating candidates from every primary;

(b) Prohibits plaintiff and all those similarly situated from supporting a federal candidate from their own political party of choice in the general election by eliminating their candidate should he or she not be a top two vote getter in the primary;

(c)Prohibits the highest Democratic vote getter from representing the democratic party in the November 2012 general election for the first time in 160 years of California and United States history and risks repeating that outcome for the balance of plaintiff's lifetime due to Prop 14;;

(d) Creates voter confusion when African Americans see only 2 republicans to vote for, having come to the polls expecting to have a choice of voting for a

1  democratic candidate of their own choosing;

2
3      (e) Creates a severe restriction upon the exercise of their voting rights in

4  that for the first time, they will have to decide whether to vote at all for a non-

5  democratic candidate;

6
7      (f) Prohibits write in voters that are Democrats from seeking to participate

8  in the November 2012 election;

9
10     (g) Takes away a fundamental right to be able to vote for a party champion

11 in a federal race in the general election;

12
13     (h) By having only republicans in the general election for a federal office,

14 deprives plaintiff and all those similarly situated of the right to associate by

15 supporting and voting for a Democratic candidate in the general election for

16
17 Congress;

18     (1) By the Secretary of State upholding a law like Prop 14 which compels

19
20 the citizens to vote in a top two open primary in a district that has a substantial

21 advantage registration-wise for republicans as created by the so-called non-

22 partisan commission, the state is effectively empowers the Republican party by

23
24 declaring to plaintiff and all those similarly situated, that they no any longer have

25 a right to vote for a democratic candidate of their choice, in effect a state action

26 stripping political choice and are further stripping the people like plaintiff

27
28 and those similarly situation from having the back-up valve of being able to run a

1  write-in candidate of their choice;

2
3      (j) By having a Prop 14 system in a republican registration advantage

4  district, plaintiff and all those similarly situation are coerced to associate with the

5
6  republican candidates selected, should they wish to exercise their right to vote, by

7  voting for persons that philosophically and politically are diametrically opposed to

8  their interests and views in violation of plaintiff's and those similarly situated's

9
10  right to NOT associate or not exercising the fundamental right to vote.

11     12.     The political processes leading to the general election in 2012 and

12
13  every two years thereafter in San Bernardino County are not equally open to

14  participation by African-Americans, in that African-Americans have less

15  opportunity than other members of the electorate to participate in the political

16
17  process and to elect candidates of their choice because of the Prop 14 Primary.

18     13.     African-Americans in San Bernardino County bear the effects of

19  discrimination in such areas as education, employment and health, which hinder

20
21  their ability to participate effectively in the political process.

22     14.     In the entire history of San Bernardino County, no African-American

23
24  has ever been elected to any countywide office and with the Top Two primary,

25  with 8.9% of San Bernardino County being African American, .6% in Inyo County

26  and .3% in Mono County [county-wise numbers per the 2012 Census] and a

27
28  created 10% registration advantage of Republican over democrat and a nearly 20%

decline-to-state budge on top of that, African American voters will have added to their burden the result of having to choose between two conservative republicans that garnered only 30.8% of the total cast vote in the 2012 election cycle.

## IV. EQUITABLE RELIEF

15. There is a real and actual controversy between the parties and the issue is ripe for adjudication. Plaintiffs has no adequate remedy at law other than this action for injunctive and declaratory relief and to deny relief herein, due to the percentage to population of African Americans, will strip African Americans of their associational and other related civil rights as set forth herein for at least the next decade.

16. Plaintiff is and will continue to suffer irreparable injury as a result of the acts of Defendant complained of herein and that injury will continue unless Prop 14 is declared to be unlawful and enjoined by this Court.

17. Plaintiff seeks a declaration that Prop 14 is unconstitutional because of the effect upon African American voters in those Districts where there will be no democrat to vote for in the general election and for the Court's findings on those issues raised in Paragraph 3 of this first amended complaint, incorporated by reference herein as if fully set out again.

//

//

## V. CAUSES OF ACTION
## FIRST CLAIM FOR RELIEF
*Fourteenth Amendment to the United States Constitution*

18.     Plaintiffs hereby reallege and incorporate by reference each of the 17 foregoing paragraphs.

19.     Defendant, acting under color of state law, threatens to deprive Plaintiff of her effective and meaningful right to vote, an integral part of the fundamental right to vote, a natural right held by all law abiding citizens of the United and to that extent a privilege of federal citizenship protected under Clause 1 of the 14th Amendment and under the natural rights view of Article IV, Section 2, Clause1 of the United States Constitution.

20.     Prop 14 continued use and outcomes where African American voters have no democrats to vote for in any future federal general election, results in the denial or abridgment of  plaintiff's fundamental right under the 14th Amendment, in that  Prop 14 created an environment in which for the first time since California was admitted to the union, African Americans will not have in districts like the 8th Congressional District, where African Americans are a small minority of the eligible voters (by redistricting design) and who typically vote for democrats, will not have in that general election a partisan representative that African Americans typically align with and vote for, nor will they have a candidate that can debate their side of the issue spectrum in the months leading to the general election,

generally interfering with plaintiff's expectancies flowing from the 1st Amendment Rights also protected by the same 14th Amendment.

21. Plaintiff had a reasonable expectancy that her federal right to vote for such a person that aligned with her on partisan issues would not be interfered with by arbitrary and capricious state action caused a special interest group with the money to fund a statewide proposition.

23. Prop 14 did not meet its goals of encouraging higher turnouts (it was the lowest turnout in a presidential primary since 1948), the lowest decline to state turnout in years, an election format that all but knocked off minor parties from participation in any future general election, abolished the write-in option as a relief value for late filers and last but not least, created numerous districts in which only one party's candidates survived to the November election, effectively quashing the debate of issues.

24. Plaintiff contends she had a right to have the issues of the day robustly debated between winners of each of the parties, a debate and dialogue that will not be possible due to the candidates winning the Prop 14 primary, being of virtually identical thought and political alignment in her District.

25. Plaintiff's constitutional expectancy of having a partisan candidate to vote for that aligned with her beliefs and the majority of African Americans, has been stripped away by Prop 14 for a policy shift caused by the backers of Prop

14 to focus on competitiveness rather than associational and free speech right.

26. Plaintiff is informed and believes, and thereon alleges that the policy set out in the 14th Amendment itself ([w]hen the right to vote at any federal election... is denied to any of the inhabitants of [a] State...[is] in any way abridged,....the basis of representation therein shall be reduced." U.S. Const. XIV, § 20) underscores the original intent that any abridgement will carry with it the most serious of consequences to offending state's action(s).

27. Plaintiff believes Prop 14 is such an offending state action and the only people that stand to benefit from such a result, would be the political party that stands to benefit from weakening the size of the Congressional and Electoral College delegation, the very party that does not typically align with the majority of African American voters in the 8th Congressional District and other similarly situated minority-minority districts.

28. Defendant, acting under color of state law, threatens to violate Plaintiffs' rights to equal protection, due process, and the privileges or immunities of citizens of the United States guaranteed by the Fourteenth Amendment to the United States Constitution in that for the next decade, plaintiff and those similarly situated will not be able to exercise their associational rights by voting for a candidate that shares their concerns and priorities.

29. Plaintiff contends that the court has the power has the power under 42 USC 1983 to enjoin enforcement of Prop 14 and should as an impermissible

chilling of plaintiff's rights as alleged above.

## SECOND CLAIM FOR RELIEF
*Fifteenth Amendment to the United States Constitution*

30.     Plaintiff hereby realleges and incorporate by reference each of the 29 foregoing paragraphs.

31.     Section 1 of the 15th Amendment states that right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race or color.

32.     Plaintiff because she is an African American in a district, in which African Americans are not only a statistical minority, but buried with a near 30% disadvantage between republican and declined-to-state registrants, had her right to effectively vote taken away when the district she resided in was created with African Americans being at that decided disadvantage and by being forced to vote under a Prop 14 format.

33.     In such a scheme or device created under the facial claim of making elections more competitive, a "policy" that effectively abridged the right of people of color to effectively and meaningfully vote in a November general (and federal)

34.     Plaintiff contends that the court has the power has the power under 42 USC 1983 to enjoin enforcement of Prop 14 as an impermissible abridgement of plaintiff's right to be able to effectively vote for their champion

and have robust debate of the issues of the day possible in a minority-minority 8th Congressional district such as the one plaintiff has been redistricted into.

### THIRD CLAIM FOR RELIEF
*Section 2 of the Voting Rights Act, 42 U.S.C. §1973*

35. Plaintiff hereby realleges and incorporate by reference each of the 34 foregoing paragraphs.

36. Section 2 of the Voting Rights Act, 42 U.S.C. §1973, prohibits voting practices and procedures that result in the denial or abridgement of the right to vote on account of race, color, or linguistic minority status.

37. Prop 14 has the effect of diluting, minimizing and canceling out African-Americans right to effectively and meaningfully vote, in violation of the Plaintiffs rights not only secured by the Fourteenth and Fifteenth Amendments of the Constitution of the United States, but also Section 2 of the Voting Rights Act of 1965, 42 U.S.C. 1973 because of the modern historical partisan alignment between the Democratic Party and the vast majority of eligible African American voters and the near 30% registration disadvantage between republican and declined-to-state registrations.

38. Prop 14 in effect has become a voting practice and or procedure with an adverse impact to a historically diluted minority group in the 8th Congressional District.

39. Plaintiff contends that the court has the power has the power under 42 USC 1973 to enjoin enforcement of Prop 14 as an impermissible device and or procedure acting to future dilute the voting strength of African Americans.

**FOURTH CLAIM FOR RELIEF**
*Article IV, Clause 1, Section 2 of the USCA & Clause 1 of the 14th Amendment*

40. Plaintiff hereby realleges and incorporate by reference each of the 39 foregoing paragraphs.

41. The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.

42. Certain fundamental and natural rights belong to citizens and which state government could not infringe upon, one of which being the right to effectively vote.

43. Prop 14 denies that to plaintiff and all those similarly situated.

44. Plaintiff contends that the court has the power has the power under 42 USC 1983 to enjoin enforcement of Prop 14 as an impermissible chilling of plaintiff's privilege and right to be able to effectively vote in a federal election by a state action, without regard to the history of the natural and fundamental right to be able to vote for a party champion and have robust debate of the issues of the day in minority-minority districts such as the one plaintiff has been redistricted into by the Prop 14 process, which took the redistricting power from the

1
2
3  legislature, which had superior understanding of the laws and rights to be
protected and even when faced with a minority population to small to be moved
4  into a minority-majority district, allowed the relief valve of allowing the party
5  the minority group typically favored and voted for, to stand for election for the
6
7  general election and be not just a person to vote for consistent with their beliefs
8  and values, but a voice to debate the important issues of the day leading up to the
9  general election.
10

11  45. The privilege and right to vote in a general election for a candidate from
12  the party of one's choice where a person comes from such a state, is chilled should
13  that African American voter move into California's 8th Congressional District, a
14  clearly impermissible abridgment by Prop 14 of the privileges and immunities
15  protected under Article IV, Section 2, Clause 1 and USCA 14th, Clause 1
16
17

18                            **PRAYER FOR RELIEF**

19  WHEREFORE, PLAINTIFFS respectfully request that this Court enter
20  judgment in their favor and the following relief:
21

22      (1) For record preservation purposes, plaintiff prays that an appropriate
23  preliminary injunctive order and a mandatory injunction issue in advance of the
24  2012 November election requiring the top voter getters of each party be allowed to
25  stand for the general election in California;
26
27
28      Alternatively, PLAINTIFF requests that the Court

1

2

3   (2) Enter a declaratory judgment that ELISE BROWN's and all those

4   Democrats similarly situated's rights are violated by California's Proposition 14

5   entitled the "Top Two Primaries Act" [which took effect April 19, 2011] that

6   modified Article II, Section 5 of the California Constitution and Section 6 of

7   Article II of the California Constitution, violates rights under Section 2 of the

8   Voting Rights Act as amended in 1982;

9

10  (3) Enter a declaratory judgment that ELISE BROWN's and all those

11  Democrats similarly situated's first, fourteenth and fifteenth amendment right to

12  freedom of association & to effectively cast a vote rights are violated by

13  California's Proposition 14 entitled the "Top Two Primaries Act" [which took

14

15  effect April 19, 2011] that modified Article II, Section 5 of the California

16  Constitution and Section 6 of Article II of the California Constitution,

17

18  (4) Enter a declaratory judgment that ELISE BROWN's and all those

19  Democrats similarly situated's rights under the privileges and immunities clause,

20

21  including the fundamental right to effectively cast a vote rights are violated by

22  California's Proposition 14 entitled the "Top Two Primaries Act" [which took

23

24  effect April 19, 2011] that modified Article II, Section 5 of the California

25  Constitution and Section 6 of Article II of the California Constitution

26  (5) To make findings as requested under Paragraph 3 of this First Amended

27

28  Complaint to assist in any potential post trial court review;

(6) To restore the previous system that allowed the top vote getter from each party to stand for election so to obtain and maintain constitutional uniformity at the earliest possible time to avoid constitutional injury;

(7) To award Plaintiffs the costs and expense of this action together with their reasonable attorneys' fees; and

(8) To retain jurisdiction of this action and grant to Plaintiff(s) any further relief which may, in the discretion of this Court, be necessary and proper.

DATED: July 31, 2012                    Respectfully submitted,


By: _____
ROBERT D. CONAWAY
Attorneys for Plaintiff
ELISE BROWN

1  PROOF OF SERVICE BY MAIL

2  STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

3      I am employed in the above county, State of California. I am over the age

4  of 18 and not a party to the within action. My business address is as follows:

5  222 East Main Street, Suite 212, Barstow CA 92311 (mailing address is: Post

6  Office Box 865, Barstow, CA 92312).

7      On July 31, 2012, I served the foregoing document described as:

8  FIRST AMENDED COMPLAINT FOR DECLARATORY AND OTHER EQUITABLE RELIEF

9  [PURSUANT TO FRCP 15(a)] on the interested parties at their last known

10  address in this action by placing a true and correct copy thereof in a sealed

11  envelope with postage thereon fully prepaid in the United States Mail at Barstow,

12  California, addressed as follows:

13  George M. Waters
    CAAG – Office of the Attorney General
14  California Department of Justice
    1300 I Street, Suite 125
15  PO Box 944255
    Sacramento CA 94244-2550
16  Fax (916) 324-8835

17  Christopher E. Skinnell & Marguerite M. Leoni
    Nielson, Merksamer, Parrinello, Gross & Leoni, LLP
18  2350 Kerner Blvd, Suite 250
    San Rafael, CA 94901
19  Fax (415) 388-6874

20
        I declare (1) that I am a member of the bar of this court making this
21
    service and (2) under penalty of perjury under the laws of the United States of
22
    America that the foregoing is true and correct.
23

24  Dated: July 31, 2012

25                                  ROBERT D. CONAWAY

26

27                          -19-

28