UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–5547 PA (SPx) | | Date | October 9, 2012 |
|---|---|---|---|---|
| Title | Elise Brown v. Debra Bowen | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant Debra Bowen ("Secretary of State") (Docket No. 26).  Also before the Court is a Motion to Dismiss filed by intervener-defendants Independent Voter Project ("IVP"), Californians to Defend the Open Primary ("CADOP"), Abel Maldonado, and David Takashima (collectively "Interveners") (Docket No. 25).  The Secretary of State and Interveners (collectively "Defendants") challenge the sufficiency of the First Amended Complaint ("FAC") filed by plaintiff Elise Brown ("Plaintiff").  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.  The hearing calendared for October 1, 2012, is vacated, and the matters taken off calendar.

I.   Factual Background

On June 5, 2012, California's voters participated for the first time in a "top two" open primary for state and congressional offices.  The top two or "voter-nominated"  primary system was adopted in June 2010 when California's voters approved Proposition 14.  In a top two primary system, all candidates for a particular office appear on the same primary ballot and only the top two, regardless of party affiliation, participate in the general election.

Plaintiff is an African American woman and lifelong member of the Democratic Party who resides within California's 8th Congressional District.  In the June 5, 2012, primary election to determine the candidates who would appear on the general election ballot, the candidates who received the two highest vote totals both ran as members of the Republican Party.  Under the top two primary system, those two candidates will appear on the general election ballot to determine who will represent the 8th Congressional District in the United States House of Representatives.  In addition to the 8th Congressional District, candidates from the same party were the top two finishers in seven other congressional districts.  In one of those districts, the top two finishers were Republicans, and the top two finishers in the remaining six districts were Democrats.

Plaintiff commenced this action on June 26, 2012.  Plaintiff alleges that the top two primary system violates the First, Fourteenth, and Fifteenth Amendments and section 2 of the Voting Rights Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–5547 PA (SPx) | Date | October 9, 2012 |
|---|---|---|---|
| Title | Elise Brown v. Debra Bowen | | |

Specifically, Plaintiff alleges that the top two primary system violates her right to vote for a candidate from the political party of her choice in the general election and results in the denial or abridgment of Plaintiff's voting rights on the basis of race, color, or linguistic minority status. Plaintiff filed a Motion for Preliminary Injunction at the same time she filed her Complaint. The Court heard Plaintiff's Motion for Preliminary Injunction on shortened notice. After concluding that Plaintiff could not demonstrate a likelihood of success on the merits, the Court denied Plaintiff's Motion for Preliminary Injunction on July 7, 2011. Plaintiff filed her FAC as a matter of right on July 31, 2012.

In her Motion to Dismiss, the Secretary of State asserts that Plaintiff's FAC fails to state a claim upon which relief can be granted and that Plaintiff has failed to join necessary parties. The Motion to Dismiss filed by Interveners raises similar arguments to those asserted by the Secretary of State. Interveners also challenge Plaintiff's standing to maintain her claims. In her Opposition to the Secretary of State's Motions to Dismiss, Plaintiff abandons her Fifteenth Amendment Claim.

II.     Legal Standard

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–5547 PA (SPx) | Date | October 9, 2012 |
|---|---|---|---|
| Title | Elise Brown v. Debra Bowen | | |

formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

"[I]n considering a constitutional challenge to an election law, a court must weight 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments' against 'the precise interest put forward by the State as justification for the burden imposed by its rule.'" Nader v. Brewer, 531 F.3d 1028, 1034 (9th Cir. 2008) (quoting Anderson v. Celebrezze, 460 U.S. 780, 789, 103 S. Ct. 1564, 1570, 75 L. Ed. 2d 547 (1983)). In Burdick v. Takushi, 504 U.S. 428, 434, 112 S. Ct. 2059, 2063, 119 L. Ed. 2d 245 (1992), the Supreme Court clarified that the rigorousness of the inquiry "depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights." "[W]hen those rights are subjected to 'severe' restrictions, the regulation must be 'narrowly drawn to advance a state interest of compelling importance.'" Id. (quoting Norman v. Reed, 502 U.S. 279, 289, 112 S. Ct. 698, 705, 116 L. Ed. 2d 711 (1992). "But when a state election law provision imposes only 'reasonable, nondiscriminatory restrictions' upon the First and Fourteenth Amendment rights of voters, 'the State's important regulatory interests are generally sufficient to justify' the restrictions." Id., 112 S. Ct. at 2063-64 (quoting Anderson, 460 U.S. at 788, 103 S. Ct. at 1569-70).

III.   Analysis

Proposition 14 was modeled on a similar top two primary system adopted in Washington State. Prior to California's adoption of Proposition 14 in 2010, Washington's top two primary system was subjected to a facial challenge brought by certain political parties that had alleged that the top two system infringed their associational rights in violation of the First and Fourteenth Amendments. The Supreme Court rejected the facial challenge to Washington's top two system. See Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 128 S. Ct. 1184, 170 L. Ed. 2d 151 (2008). Following the Supreme Court's rejection of the facial challenge to Washington's top two system, the Ninth Circuit recently upheld Washington's top two primary system against an as applied challenge. See Washington State Republican Party v. Washington State Grange, 672 F.3d 784 (9th Cir. 2012). A petition for writ of certiorari seeking review of the Ninth Circuit's decision to that challenge is currently pending in the Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–5547 PA (SPx) | Date | October 9, 2012 |
|---|---|---|---|
| Title | Elise Brown v. Debra Bowen | | |

      Unlike the challenges to Washington's top two primary system and other challenges to Proposition 14,[1] which allege violations of the associational rights of the political parties themselves, Plaintiff appears to be alleging that California's top two primary system violates her personal associational rights to vote for a candidate from a political party of her choice in the general election.

      In denying Plaintiff's Motion for Preliminary Injunction, the Court noted that Plaintiff provided no citations to authority in support of her novel theory that she has a constitutional right to vote for a candidate from a party of her choice in a general election. Indeed, limitations on an individual candidate's access to the ballot are routinely upheld when those limitations are reasonable, nondiscriminatory, and further a state's important regulatory interests. Burdick, 504 U.S. at 434, 112 S. Ct. at 2063-64. Here, Plaintiff had an opportunity to vote for a candidate from the party of her choice in the primary election. The limitation she suffers by not being able to vote for the party of her choice in the general election is one that she shares with the voters of at least seven other congressional districts as well as those voters in a great number of other districts who might prefer to vote for a candidate from a minor party.

      In Opposition to the Motions to Dismiss, Plaintiff principally relies on United States v. Classic, 313 U.S. 299, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941). Contrary to Plaintiff's assertions, Classic does not support her theory that she has a constitutional right to vote for a candidate from the party of her choosing in a general election. Instead, Classic stands for the proposition that the Constitution's Election Clause allows the federal government to regulate both primary and general elections:

> That the free choice by the people of representatives in congress, subject only to the restrictions to be found in §§ 2 and 4 of Article I and elsewhere in the Constitution, was one of the great purposes of our Constitutional scheme of government cannot be doubted. We cannot regard it as any the less the constitutional purpose or its words as any the less guarantying the integrity of that choice when a state, exercising its privilege in the absence of Congressional action, changes the mode of choice from a single step, a general election, to two, of which the first is the choice at a primary of those candidates from whom, as a second step, the representative in Congress is to be chosen at the election.

Classic, 313 U.S. 316-17, 85 L. Ed. 1038. Nothing in Classic or the other cases cited by Plaintiff create a constitutional right for a voter to vote in the general election for a candidate of the voter's preferred political party. The Court therefore concludes that Plaintiff has not stated a viable claim that

---

[1] See, e.g., Field v. Bowen, 199 Cal. App. 4th 346, 131 Cal. Rptr. 3d 721 (2011); Chamness v. Bowen, Case No. CV 11-1479 ODW (FFMx) (C.D. Cal. 2011); Rubin v. Bowen, Case No. RG11605301 (Alameda Super. Ct. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–5547 PA (SPx) | Date | October 9, 2012 |
|---|---|---|---|
| Title | Elise Brown v. Debra Bowen | | |

Proposition 14 has violated her constitutional rights under any of the theories she has attempted to assert.

  Plaintiff's claim that Proposition 14 violates section 2 of the Voting Rights Act is similarly defective.  In rejecting a section 2 challenge to an open primary law, the Eleventh Circuit explained:

> It is Plaintiffs' burden to show on the face of their amended complaint either a discriminatory purpose or effect demonstrating that members of the minority community contained within the [relevant] Congressional District are unable to equally participate in the political processes leading to the nomination or election of a candidate of [their] choice.  Plaintiffs allege no discriminatory purpose, but instead claim there is a discriminatory effect in the operation of the open primary system.

Osburn v. Cox, 369 F.3d 1283, 1289 (11th Cir. 2004).  Similar to the plaintiffs in Osburn, Plaintiff here does not allege any facts suggesting that there was a discriminatory purpose in the adoption of Proposition 14.  Nor has Plaintiff alleged any facts indicating that minority plaintiffs "'have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice'" as a result of the passage of Proposition 14.  Id. (quoting 42 U.S.C. § 1973(b)).  Instead, given the relatively small number of African American voters in the 8th Congressional District, the number of other districts in which the top two primary election candidates are from the same party, and that Plaintiff has shown no discernible evidence or pattern that the top two system denies or abridges the right to vote on account of race or color, the Court concludes that Plaintiff has failed to adequately allege a claim for a violation of the Voting Rights Act.  Instead, at most, Plaintiff has established that she lives in a district in which Democrats were unable to coalesce around a single candidate to secure a spot in the general election.  As the primary election results indicate, California has a greater number of districts in which Democrats won the top two positions.  Moreover, Plaintiff does not allege that the district boundaries themselves violate the Voting Rights Act.

## CONCLUSION

  For all of the foregoing reasons, the Court grants Defendants' Motions to Dismiss.  Because Plaintiff has already amended her Complaint once, and has failed to indicate that she possesses additional facts that might adequately state the claims she is attempting to assert, the Court dismisses this action with prejudice.

  IT IS SO ORDERED.